Filing # 89482775 E-Filed 05/15/2019 10:51:53 AM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL
CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

MAX STORY, on
behalf of himself and all others similarly
situated,

      Plaintiff,

v.

HEARTLAND PAYMENT SYSTEMS,
LLC, a Foreign Limited Liability Company,

      Defendant.
_____/

CASE NO.:
CIVIL DIVISION

**CLASS REPRESENTATION**
**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Max Story ("Plaintiff") files this class action complaint on behalf of himself and all others similarly situated, by and through the undersigned attorneys, against Heartland Payment Systems, LLC (hereinafter "Heartland" or "Defendant"), and states as follows:

### I. INTRODUCTION

1. This is a class action on behalf of Plaintiff and a class of all others similarly situated persons or entities against Heartland Payment Systems, LLC, a payment processing and technology provider, who owns and operates MySchoolBucks, a platform used by over 2 million parents at over 30,000 schools nationwide to pay for their child's school meals, after-school programs, bus passes, and athletic fees.

2. Plaintiff uses Heartland's MySchoolBucks to pay for his child's school meals. In addition to the actual cost of the school meals, Heartland also charges and collects from Plaintiff a standardized $2.49 "Program Fee" for each transaction Plaintiff makes. Heartland uses a standard form MySchoolBucks Terms of Service contract (effective May 3, 2016) with Plaintiff and class members which dictates that New Jersey law applies. Those contracts mislead consumers into believing that the school districts are requiring and ultimately receiving some or all of the MySchoolBucks $2.49 Program Fee that Heartland

1

charges and collects for each transaction, when in fact, the school districts are not requiring the fee nor receiving the monies from the Program Fee.

3.    Heartland misleads consumers to believe the MySchoolBucks Program Fee monies are going to the school district, a government entity, when they are not, in violation of the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. §56:8-1 *et seq.* and the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, ("TCCWNA") N.J.S.A. §56:12-14 *et seq.* Because Heartland's conduct is uniform, this case is well suited for class action treatment.

## II.   JURISDICTION AND VENUE

4.    This Court has jurisdiction over this matter because the amount in controversy exceeds $15,000.00, and Plaintiff is a resident of Duval County, Florida; and Defendant's conduct an on-going course of business in Duval County and throughout the State of Florida.

5.    The parties have stipulated that the laws of the State of New Jersey govern any dispute pursuant to their MySchoolBucks Terms of Service contract.

6.    Venue is proper in Duval County because actions giving rise to this lawsuit occurred in Duval County, Florida.

## III.   PARTIES

7.    Plaintiff, Max Story, is a natural person and is a resident of Duval County, and a citizen of the state of Florida.

8.    Defendant, Heartland Payment Systems, LLC, is a Foreign Limited Liability Company with a principal address of 10 Glenlake Parkway, North Tower, Atlanta, Georgia 30328, and a citizen of the State of Delaware and Georgia.

## IV.   FACTUAL ALLEGATIONS

9.    Heartland's MySchoolBucks has become the leading K-12 point of sale provider offering online payments to the parents of participating schools. Heartland has been providing its services over the course of the past 16 years.

10. Parents link a credit or debit card to complete the transactions for school meals, after-school programs, bus passes, and athletic fees.

11. For each and every transaction a parent completes, Heartland charges a MySchoolBucks "Program Fee or Membership Fee."

12. The Program Fee is a standardized amount that is charged and collected uniformly for each school district nationwide on a per transaction basis. For the first 16 years of the MySchoolBucks program, the Program Fee was $1.95 for users, including the representative PlaintifF. However, effective December 11, 2017, Heartland increased the applicable MySchoolBucks Program Fee to $2.49 per payment. Plaintiff pays his child's school meals with Heartland's MySchoolBucks program, and pays the $2.49 Program Fee for each payment he makes for his child's school meals.

13. There is an alternative to the Program Fee's pay per transaction model called a "Membership Fee' which allows a consumer to pay a lump sum for unlimited transactions. Plaintiff does not participate in the Membership Fee program and those under that plan are not included in the proposed class or this case.

14. The standard form Terms of Service contract between Plaintiff and Heartland governs Plaintiff's obligation to pay the Program Fee, which deceptively declares that it is the school district who imposes and receives the MySchoolBucks Program Fee:

> Program Fee or Membership Fee
>
> Your school district may require a program fee or membership fee for your use of the service.
>
> If you are required to pay a program fee, you will be notified on a screen prior to completing the payment transition and any such program fee will be required for each payment you make using the Service.
>
> **Exhibit A**.

15. Reasonable consumers, such as Plaintiff, are misled to believe the school district, a government entity, implements and ultimately retains the standardized MySchoolBucks Program Fee.

3

16. Heartland uses the same standard form Terms of Service contract for all of its MySchoolBucks transactions nationwide. The most recent Terms of Service contract Heartland issued was updated May 3, 2016.

17. The FTC and courts enforcing various state consumer protection laws have long held that using language in a contract or advertising that deceives consumers into believing a charge or fee is either imposed by or transmitted to a governmental entity when, in fact, it is not is unlawful. *See Hoffman v. Princess Cruises*, Inc., 2003 WL 157523, at *2 (Cal.App. 2 Dist.,2003)(Based on consumers reading of the advertising materials, they believed the "port charges/government fees" were government taxes or fees imposed by governmental entities at the ports they visited, which were collected by defendant [private entity] and paid to the governmental entities.)

18. Heartland's MySchoolBucks website advertises that MySchoolBucks is free and that the only reason Plaintiff had to pay any money is because his school district imposed a Program Fee:

Is there a fee for using MySchoolBucks?

Signing up for MySchoolBucks is free. Depending on your school/district and order/item you are purchasing, you may be required to pay a program or membership fee.

MySchoolBucks Frequently Asked Questions.[1]

19. Although the MySchoolBucks Terms of Service contract and website declares that the school district requires the Program Fees, it is actually Heartland who implements, sets the fee amount, collects, and keeps the Program Fees monies.

20. Some school districts around the country have even attempted to clarify the misleading nature of the representations surrounding the fee by issuing precise statements to the public explaining that it is Defendant, and not the school district who sets and retains the fees. For example, the Souderton Area School District released the following notice in regards to the 2017 MySchoolBucks Program Fee increase from $1.95 to $1.49 that evidences that Heartland implements and retains the Program Fee, "Souderton

---

[1] https://www.myschoolbucks.com/ver2/help/gethelp.

Area School District does not collect or receive this fee. It is the fee charged by the company that administers the credit/debit card payments."[2]

21. Similarly, Speedway Schools, in Indiana, released the following to parents regarding the Program Fee: The mySchoolBucks service is supported by a transaction fee charged each time a parent adds money to their child's account. Speedway Schools does not pay for this service and does not receive any of the transaction fees charged by mySchoolBucks.[3]

22. These notices demonstrate that the language Defendant uses in its MySchoolBucks Terms of Service contract either is anticipated to or actually has deceived consumers into believing that school districts establishe the amount of the charge and benefits from the Program Fee.

23. Plaintiff seeks relief declaring that Heartland's conduct violates the NJCFA and the TCCWNA, and corresponding injunctive relief prohibiting Heartland from charging and collecting the MySchoolBucks Program Fee under the guise of a governmentally imposed charge and from charging amounts above the actual costs of the transaction. Plaintiff also seeks statutory and actual damages.

## V.  CLASS REPRESENTATION ALLEGATIONS

24. Pursuant to Florida Rule of Civil Procedure 1.220(a), (b) (2) and (b) (3), Plaintiff brings this action on behalf of herself and all others similarly situated.

25. The Class(es) are defined as:

**NATIONAL CLASS:** All persons in the United States whose MySchoolBucks Terms of Service is substantially similar to Exhibit A, and paid a MySchoolBucks Program Fee to Heartland.

**FLORIDA SUBCLASS:** All persons in the State of Florida whose MySchoolBucks Terms of Service is substantially similar to Exhibit A" and paid a MySchoolBucks Program Fee to Heartland.

26. The Statute of limitations is six years for the NJCFA, NJ TCCWNA, and unjust enrichment claims under New Jersey Law.

---

[2] http://www.soudertonsd.org/parents-students/food-services/myschoolbucks-convenience-fee-increase.
[3] https://www.speedwayschools.org/domain/69.

5

27. Plaintiff can identify and ascertain all other class members from Heartland's business records. These records are computerized and will reflect which customers were charged and paid Heartland's deceptive MySchoolBucks Program Fee within the class period. Thus, Plaintiff's classes are ascertainable.

28. Plaintiff does not know the exact size of the class because this information is in Heartland's exclusive control. However, based on the nature of the commerce involved and the size and scope of Heartland's business, Plaintiff believes the class members number in the tens of thousands and that class members are dispersed throughout the United States and Florida. Therefore, joinder of all class members would be impracticable.

29. Plaintiff's claims are typical of other class members' claims because Plaintiff and all class members were subject to a standard form Terms of Service contract and charged the same unlawful MySchoolBucks Program Fee by Heartland.

30. Questions of law and fact common to the Class(es) exist and predominate over questions affecting only individual members, including, *inter alia*, the following:

   (a) Whether Heartland's representations regarding the MySchoolBucks Program Fee is misleading and deceptive;

   (b) Whether Heartland's Term of Service contract section titled "Program Fee or Membership Fee" violates the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq*.;

   (c) Whether Heartland charging, collecting, and retaining Program Fees in excess of the transaction's actual cost is a marked up pass through fee in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq*.;

   (d) Whether the aforementioned violations of the NJCFA constitutes violations of the New Jersey Truth-in-Consumer Contract Warranty and Notice Act, N.J.S.A. 56:12-14 et seq., specifically N.J.S.A. 56:12-15;

(e) Whether Heartland's actions have proximately caused injury to Plaintiff and, if so, the proper measure of damages;

(f) Whether Heartland has been unjustly enriched by their practice of misleading consumers to believe the MySchoolBucks Program Fee is imposed by school districts, a governmental entity; and

(g) Whether Plaintiffs and Class members are entitled to declaratory and injunctive relief.

31. The named Plaintiff will fairly and adequately represent and protect the interest of the members of the Class(es) because he possesses no interest antagonistic to the Class he seeks to represent, and because the adjudication of his claims will necessarily decide the identical issues for other class members. Whether the NJCFA violations are issues that will be decided for all other consumers with similar or identical Terms of Service contracts. There is nothing peculiar about the Plaintiff's situation that would make him inadequate as class representative. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

32. A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest, compared to the expense and burden of individual litigation. It would be impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein. It would be difficult, if not impossible, to obtain counsel to represent Plaintiff on an individual basis for such small claims. More importantly, the vast majority of Class members are not aware that Heartland's MySchoolBucks Program Fee violates the NJCFA and TCCWNA , and a class action is the only viable means of adjudicating their individual rights. There will be no difficulty in the management of this litigation as a class action as the legal issues affect a standardized pattern of conduct by Defendants and class actions are commonly used in such circumstances.

33. Heartland also acted and refused to act on grounds generally applicable to the Class(es), thereby making appropriate declaratory relief and corresponding final injunctive relief with respect to the

7

Class(es) as a whole under Florida Rule of Civil Procedure 1.220(b)(2). Heartland should be enjoined from misleading consumers in the Terms of Service that the MySchoolBucks convenience monies ultimately goes to school districts, a government entity, when Heartland actually keeps the Program Fee for itself, in violation of the New Jersey CFA and TCCWNA. Additionally, Heartland should be enjoined from charging Program Fees in excess of the actual amount of the transaction fee they pay a third party.

**COUNT I:**
**Violation of the New Jersey Consumer Fraud Act**
**N.J.S.A. 56:8-2.1** *et seq.*
**(On Behalf of the National Class and Florida Subclass)**

34. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

35. N.J.S.A. 56:8-2.1 declares that it shall be an unlawful practice for any person to operate under a name or in a manner which wrongfully implies that such a person is a branch of or associated with any department or agency of the Federal Government or of this State or any of its political subdivisions, or use any seal, insignia, envelope or other format which simulates that of any governmental department or agency.

36. Heartland's standard form MySchoolBucks Terms of Service contract with Plaintiff and class members misrepresents that school districts impose; establish the amount of the Fee and suggest that the school districts are receiving the Fee paid by Plaintiff and class members:

Program Fee or Membership Fee

Your school district may require a program fee or membership fee for your use of the Service. If you are required to pay a program fee, you will be notified on a screen prior to completing the payment transaction and any such program fee will be required for each payment you make using the Service.

37. Additionally, Heartland's MySchoolBucks website advertises that MySchoolBucks is free and that it is only costing parents money because the school districts impose a fee:

Is there a fee for using MySchoolBucks?
Signing up for MySchoolBucks is free. Depending on your school/district and order/item you are purchasing, you may be required to pay a program or membership fee.[4]

---

[4] https://www.myschoolbucks.com/ver2/help/gethelp.

8

38. Heartland actually establishes the amount of the Fee, charges and retains the MySchoolBucks Program Fee for itself from Plaintiff and class members, despite misleading and deceptive representations to the contrary which constitutes an unconscionable commercial practice, deception, fraud, false promise, false pretense and/or misrepresentations in violation of N.J.S.A. 56:8-2.1.

39. Plaintiff and class member suffered an ascertainable loss in that they paid the MySchoolBucks Program Fee based upon the misleading and deceptive representations.

40. The ascertainable loss suffered by Plaintiff and class members was caused by Heartland's failure to comply with N.J.S.A. 56:8-2.1.

41. As a result of these acts, Heartland has violated the New Jersey CFA N.J.S.A. 56:8-2.1. Plaintiff and class members are entitled to a full refund of each and every MySchoolBucks Program Fee that Heartland has charged, collected, and retained through the use of their standard form MySchoolBucks Terms of Service contract.

42. In addition, Plaintiff and class members are entitled to declaratory and injunctive relief, declaring that Heartland violated N.J.S.A. 56:8-2.1; and prohibiting Heartland from further violations of the New Jersey CFA.

43. Plaintiff and class members are entitled to treble damages pursuant to N.J.S.A. 56:8-19.

44. In accordance with N.J.S.A. §56.8-19 and N.J.S.A. §56.12-17, Plaintiff and class members are entitled to attorney's fees and litigation costs.

## COUNT II
### Violation of the New Jersey Consumer Fraud Act
### N.J.S.A. 56:8-2.1 *et seq.*
### (On Behalf of the National Class and Florida Subclass)

45. Plaintiff on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

46. N.J.S.A. 56:8-2. declares that:

The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of

9

such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; provided, however, that nothing herein contained shall apply to the owner or publisher of newspapers, magazines, publications or printed matter wherein such advertisement appears, or to the owner or operator of a radio or television station which disseminates such advertisement when the owner, publisher, or operator has no knowledge of the intent, design or purpose of the advertiser.

47. Heartland's standard form MySchoolBucks Terms of Service contract with Plaintiff and class members misrepresents that school districts implement and establish the imposition of and the amount of the MySchoolBucks Program Fee paid by Plaintiff and class members:

Program Fee or Membership Fee

Your school district may require a program fee or membership fee for your use of the Service. If you are required to pay a program fee, you will be notified on a screen prior to completing the payment transaction and any such program fee will be required for each payment you make using the Service.

48. Additionally, Heartland advertises on the MySchoolBucks website that MySchoolBucks is "free" and that the school districts impose the Fee:

Is there a fee for using MySchoolBucks?
Signing up for MySchoolBucks is free. Depending on your school/district and order/item you are purchasing, you may be required to pay a program or membership fee.[5]

49. Heartland actually implements, establishes the amount of the Fee and retains the MySchoolBucks Program Fee for itself from Plaintiff and class members, despite representations to the contrary which constitutes an unconscionable commercial practice, deception, fraud, false promise, false pretense and/or misrepresentations in violation of N.J.S.A. 56:8-2.

50. Plaintiff and class member suffered an ascertainable loss in that they were subject to the misleading and deceptive representations and paid the MySchoolBucks Program Fee to Heartland.

51. The ascertainable loss suffered by Plaintiff and class members was caused by Heartland's failure to comply with N.J.S.A. 56:8-2.

52. As a result of these acts, Heartland has violated the New Jersey CFA N.J.S.A. 56:8-2. Plaintiff and class members are entitled to a full refund of each and every MySchoolBucks Program Fee

---

[5] https://www.myschoolbucks.com/ver2/help/gethelp.

10

that Heartland has charged, collected, and retained through the use of their standard form MySchoolBucks Terms of Service contract and their website advertisement.

53. In addition, Plaintiff and class members are entitled to declaratory and injunctive relief, declaring that Heartland violated N.J.S.A. 56:8-2; and prohibiting Heartland from further violations of the New Jersey CFA.

54. Plaintiff and class members are entitled to treble damages pursuant to N.J.S.A. 56:8-19.

55. In accordance with N.J.S.A. §56.8-19 and N.J.S.A. §56.12-17, Plaintiff and class members are entitled to attorney's fees and litigation costs.

### COUNT III
### Violation of the New Jersey Consumer Fraud Act
### N.J.S.A. 56:8-2.1 *et seq.*
### (On Behalf of the National Class and Florida Subclass)

56. Plaintiff on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

57. N.J.S.A. 56:8-2 declares that:

The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; provided, however, that nothing herein contained shall apply to the owner or publisher of newspapers, magazines, publications or printed matter wherein such advertisement appears, or to the owner or operator of a radio or television station which disseminates such advertisement when the owner, publisher, or operator has no knowledge of the intent, design or purpose of the advertiser.

58. By misrepresenting the true nature and purpose of the Program Fee by falsely claiming that Program Fee charged to Plaintiff and class members was a pass-through cost for the purpose of paying for the amount Heartland is charged for the credit/debit card transaction by a third-party, when, in fact, Heartland was not paying the entire amount of the Program Fee to third parties completing the transaction, and instead kept the excess monies for ancillary income. This conduct constitutes unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices within the meaning of N.J.S.A. 56:8- 2.

59. Plaintiff and class member suffered an ascertainable loss in that they paid the MySchoolBucks Program Fee to Heartland under the representation that the fee was a pass-through charge.

60. The ascertainable loss suffered by Plaintiff and class members was caused by Heartland's practice of representing that the Program Fee was a pass-through charge, when in fact, it was marked up to ensure Heartland retained a net profit after paying a third-party for the debit/credit card transaction.

61. The ascertainable loss suffered by Plaintiff and class members was caused by Heartland's failure to comply with N.J.S.A. 56:8-2.

62. As a result of these acts, Heartland has violated the New Jersey CFA N.J.S.A. 56:8-2. Plaintiff and class members are entitled to a full refund of each and every MySchoolBucks Program Fee that Heartland has charged, collected, and retained through the use of their standard form MySchoolBucks Terms of Service contract and their website advertisement.

63. In addition, Plaintiff and class members are entitled to declaratory and injunctive relief, declaring that Heartland violated N.J.S.A. 56:8-2; and prohibiting Heartland from further violations of the New Jersey NJCFA.

64. Plaintiff and class members are entitled to treble damages pursuant to N.J.S.A. 56:8-19.

65. In accordance with N.J.S.A. §56.8-19 and N.J.S.A. §56.12-17, Plaintiff and class members are entitled to attorney's fees and litigation costs.

### COUNT IV
**Violation of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, ("TCCWNA") N.J.S.A. §56:12-14 *et seq.*
(On Behalf of the National Class and Florida Subclass)**

66. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

67. Heartland has violated the Truth in Consumer Contract, Warranty and Notice Act §56:12-14 *et seq.*

68. Heartland offered and entered into a written consumer contract with Plaintiff and class members with the MySchoolBucks Terms of Service, which included the Program Fee or Membership Fee

provision that violated clearly established New Jersey laws at the time Plaintiff and class members entered into a contract with Heartland.

69. Heartland violated the New Jersey Consumer Fraud Act N.J.S.A. §56:8-2.1. and §56:8-2 by representing to Plaintiff and Class members that the MySchoolBucks Program Fee was implemented by and that the monies were ultimately being transmitted to a government entity, when in fact, Heartland required the Program Fee, collected, and retained the fee for itself. The monies from the Program Fee never went to the school districts.

70. The New Jersey Consumer Fraud Act N.J.S.A. §56:8-2.1 and §56:8-2 were clearly established laws at the time Heartland contracted with Plaintiff and class members for the MySchoolBucks program.

## COUNT V
### Breach of Contract
### (On Behalf of the National Class and Florida Subclass)

71. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

72. Plaintiff and Class members contracted with Heartland for the use of the MySchoolBucks program. Exhibit A. Terms of Service (Updated on May 3, 2016).

73. Plaintiff and Class members performed all conditions precedent to filing this action.

74. The Paragraph titled "Program Fee or Membership Fee) of the standardized MySchoolBucks program Terms of Service contract between Plaintiffs and Class members declares:

> Your school district may require a program fee or membership fee for your use of the Service. If you are required to pay a program fee, you will be notified on a screen prior to completing the payment transaction and any such program fee will be required for each payment you make using the Service.

75. Because Heartland represented that the school districts require and would ultimately retain the MySchoolBucks Program Fee, when, in fact, Heartland implemented the fee, determined the amount of the fee and retained the monies for itself, Heartland has materially breached the MySchoolBucks Terms of Service with Plaintiffs and Class members.

76. As a direct and proximate result of Heartland's material breach, Plaintiff and Class members have been harmed by paying the MySchoolBucks Program Fee under the representation that the school districts require the fee and retained the monies from the fee, when, in fact, it is Heartland who ultimately charges and retains the fee.

77. Plaintiff and the class have retained the undersigned attorneys to represent them in this action and are required to pay them a reasonable fee for their services.

## COUNT VI
## Unjust Enrichment
### (On behalf of the National Class and the Florida Subclass)

78. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

79. Heartland unjustly collected and kept the MySchoolBucks Program Fee Program Fee, when Heartland's Terms of Service contract with Plaintiff and the class represents that the school district requires and keeps the MySchoolBucks Program Fee.

80. Heartland failed to disclose that it charges and retains the MySchoolBucks Program FeeProgram Fee for itself.

81. By virtue of the foregoing, Heartland has been unjustly enriched and Heartland's retention of the Program Fees is unjust when it represents that the school districts require the fee.

82. Plaintiff and class members are entitled to have each and every standardized Program Fee returned to them.

83. The deceptive MySchoolBucks Program Fee charged to Plaintiff and the class members is a source of substantial revenue and windfall profits to Heartland and unfairly enriches Heartland at the expense of Plaintiff and class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter an Order:

a. Certifying this action as a class action as provided by Rule 1.220 of the Florida Rules of Civil Procedure, appointing Plaintiff as class representative, and appointing the undersigned as Class Counsel;

    b.    Declare that Heartland is financially responsible for notifying all Class members;

    c.    For injunctive relief prohibiting Heartland from future violations of the NJCFA and NJ TCCWNA, as set forth herein and requiring Heartland to comply with these statutes and all applicable regulations;

    d.    Declare that Heartland violated the Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.*, and the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. § 56:12-14 *et seq.*

    e.    Awarding disgorgement of all the MySchoolBucks Program Fees Heartland has collected and retained pursuant to the MySchoolBucks Terms of Service;

    f.    Awarding actual damages, punitive damages, treble damages pursuant to N.J.S.A.§ 56:8-19, and statutory damages pursuant to N.J.S.A. §56: 12-17 and all other applicable statutes;

    g.    Awarding reasonable attorneys' fees and costs of suit in connection with this action pursuant to N.J.S.A. § 56:8-19 and N.J.S.A. §56:12-17;

    h.    Awarding pre-judgment and post-judgment interest; and

    i.    For such other and further relief as Plaintiff and class members may be entitled or as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED: MAY 14, 2019        **VARNELL & WARWICK, P.A.**

                              BY:    /s/ Janet R. Varnell
                                       JANET R. VARNELL
                                       FLORIDA BAR NO.: 0071072
                                       BRIAN W. WARWICK
                                       FLORIDA BAR NO.: 0605573
                                       P.O. BOX 1870
                                       LADY LAKE, FL 32158
                                       TELEPHONE: (352) 753-8600
                                       FACSIMILE: (352) 504-3301
                                       *Bwarwick@varnellandwarwick.com*
                                       *jvarnell@varnellandwarwick.com*
                                       *kstroly@varnellandwarwick.com*

*ATTORNEYS FOR PLAINTIFF*

Trns of Service - Updated on May 3, 2016, ON MAY 3, 2016

Welcome to MySchoolBucks.com. Heartland Payment Systems, Inc. and its affiliates and partners provide this service to you ("you" or "your" means any person using the website or service) subject to the following conditions. If you check the consent box on the registration page or use the MySchoolBucks.com website and service (collectively the "Service"), you accept these terms and conditions. Please read them carefully.

## PRIVACY

Please review our Privacy Policy, which also governs your visit to MySchoolBucks.com, to understand our practices.

## ELECTRONIC COMMUNICATIONS

When you visit MySchoolBucks.com or send emails to us, you are communicating with us electronically. You consent to receive communications from us electronically. We will communicate with you by email or by posting notices on this website. You agree that all agreements, notices, disclosures and other communications that we provide to you electronically satisfy any legal requirement that such communications be in writing.

## SMS COMMUNICATIONS

When you opt-in to the service, we will send you an SMS message to confirm your signup.

You can cancel the SMS service at any time. Just text "STOP" to 58864. After you send the SMS message "STOP" to us, we will send you an SMS message to confirm that you have been unsubscribed. After this, you will no longer receive SMS messages from us. If you want to join again, just sign up as you did the first time and we will start sending SMS messages to you again.

If at any time you forget what keywords are supported, just text "HELP" to 58864. After you send the SMS message "HELP" to us, we will respond with instructions on how to use our service as well as how to unsubscribe.

We are able to deliver messages to the following mobile phone carriers:

**Major carriers:** AT&T, Verizon Wireless, Sprint, T-Mobile, U.S. Cellular, Alltel, Boost Mobile, Nextel, and Virgin Mobile.

Minor carriers: Alaska Communications Systems (ACS), Appalachian Wireless (EKN), Bluegrass Cellular, Cellular One of East Central IL (ECIT), Cellular One of Northeast Pennsylvania, Cincinnati Bell Wireless, Cricket, Coral Wireless (Mobi PCS), COX, Cross, Element Mobile (Flat Wireless), Epic Touch (Elkhart Telephone), GCI, Golden State, Hawkeye (Chat Mobility), Hawkeye (NW Missouri), Illinois Valley Cellular, Inland Cellular, iWireless (Iowa Wireless), Keystone Wireless (Immix Wireless/PC Man), Mosaic (Consolidated or CTC Telecom), Nex-Tech Wireless, NTelos, Panhandle Communications, Pioneer, Plateau (Texas RSA 3 Ltd), Revol, RINA, Simmetry (TMP Corporation), Thumb Cellular, Union Wireless, United Wireless, Viaero Wireless, and West Central (WCC or 5 Star Wireless).

As always, message and data rates may apply for any messages sent to you from us and to us from you. If you have any questions about your text plan or data plan, it is best to contact your wireless provider.

For all questions about the services provided by this short code, you can send an email to support@myschoolbucks.com.

## COPYRIGHT

All content, titles, graphics, logos, button icons, images and software are the copyrighted material of Heartland Payment Systems, Inc., or its licensors, and you agree not to download (other than page caching) or modify it, or any portion of it. The compilation of all content on this website is the exclusive property of Heartland Payment Systems, Inc., and is protected by U.S. and international copyright laws. Reproduction, republication or distribution of any material from the website is strictly prohibited, except that you may, for personal and non-commercial use only, make a single hard copy of your transactions for your personal records.

## TRADEMARKS

The MySchoolBucks.com name, logo, button icons, child character, and all related logos, products and services described in this website are trademarks or registered trademarks of Heartland Payment Systems, Inc. The MySchoolBucks name and logo are trademarks or registered trademarks of Heartland Payment Systems, Inc. All other trademarks that appear on this website that are not owned by Heartland Payment Systems, Inc., or its affiliates, are the property of their respective owners.

## LICENSE AND SITE ACCESS

Heartland Payment Systems, Inc. grants you a limited license to access and make personal use of this Service to pay your child's school for goods and services sold by the school and/or school district (i.e., school meals). You may also be able to use the Service to obtain information about the balance of meal prepayments at your child's school, and to review your child's food purchases at the school cafeteria. You acknowledge and agree that we shall not be held responsible for the accuracy of this information since the content is electronically provided to MySchoolBucks.com from the school or third parties software systems and the accuracy of the content is outside of our control. MySchoolBucks.com shall not be responsible for any loss or damages caused or alleged to have been caused by the use of or reliance on any such content. The Service is intended to be used by adults who can purchase with a credit card. If you are under 18, you may use MySchoolBucks.com only with involvement of a parent or guardian. You are responsible for protecting the confidentiality of your password and should not permit any other person to use your password. You will hold Heartland Payment Systems, Inc. harmless for any activity in your account, including, but not limited to, authorized or unauthorized charges to your credit card or bank information via the Service or disputes between you and the school or school district. Heartland Payment Systems, Inc. reserves the right to refuse service, terminate accounts, or cancel orders according to our discretion.

## PAYMENT TO SCHOOLS

You may make payments to your child's school account by using a credit card. Your credit card provider may have imposed a maximum amount which can be placed on your credit card. Your child's school receives the full payment. Payments are processed promptly for your child's use. However, we make no representations or warranties regarding the amount of time needed to complete processing. A number of factors, such as delays in the banking system, electronic funds transfer systems or school district network, are outside our control and will affect when the funds are received by your child's school. Use of prepayments at your child's school is governed exclusively by your agreement or arrangement with the school or school district, and we are not responsible for the school's handling of your prepayments after the school receives the funds from the Service, including, but not limited to, any failure by a district to record, apply or refund a payment made by you via the Service.

## ONE TIME PAYMENTS

You authorize MySchoolBucks to debit the bank account indicated in this web form for the noted amount on today's date. You understand that because this is an electronic transaction, these funds may be withdrawn from your account as soon as the above noted transaction date. You acknowledge that the origination of ACH transactions to your account must comply with the provisions of U.S. law. You will not dispute MySchoolBucks from debiting your checking/savings account, so long as the transaction corresponds to the terms indicated in the web form.

## RECURRING PAYMENTS

You authorize MySchoolBucks to debit the bank account indicated in this web form for the noted amount on the schedule indicated. You understand that this authorization will remain in effect until the scheduled end date, or until you cancel the payment, whichever comes first. If the above noted payment falls on a weekend or holiday, you understand that the payment may be executed on the next business day. You understand that because this is an electronic transaction, these funds may be withdrawn from

your account each period as soon as the above noted transaction date. You acknowledge that the origination of the ACH transactions to your account must comply with the provisions of U.S. law. You will not dispute MySchoolBucks recurring billing with your bank so long as the transaction corresponds to the terms indicated in this agreement.

## REFUNDS

If you or your child are not satisfied with any good or service purchased using the Service, you agree to resolve the issue with the child 's school or school district. Heartland Payment Systems, Inc. and its affiliates are not responsible for refunds. If you would like a refund of any kind from your child's school or school district, less any program fee, you must contact your child's school. Refund policies may vary from one school district to another .

## PROGRAM FEE OR MEMBERSHIP FEE

Your school district may require a program fee or membership fee for your use of the Service .

If you are required to pay a program fee, you will be notified on a screen prior to completing the payment transaction and any such program fee will be required for each payment you make using the Service.

## LINKS TO THIRD PARTY WEBSITES

MySchoolBucks.com may contain links to other Internet websites or resources. We neither control nor endorse such other websites, nor have we reviewed or approved any content that appears on such other sites . You acknowledge and agree that we shall not be held responsible for the legali ty, accuracy , or Inappropriate nature of any content, advertising, products, services, or information located on or through any other websites, nor for any loss or damages caused or alleged to have been caused by the use of or reliance on any such content.

## LIMITED LIABILITY; DISCLAIMER OF WARRANTY

THE SERVICE IS PROVIDED ON AN "AS IS" AND "AS AVAILABLE" BASIS. HEARTLAND PAYMENT SYSTEMS, INC., AND ITS AFFILIATES AND PARTNERS, MAKE NO WARRANTY AND DISCLAIM LIABILITY THAT THE SERVICE WILL BE UNINTERRUPTED, ERROR FREE OR FREE FROM VIRUSES OR OTHER DEFECTS OR HARMFUL COMPONENTS, NOR DO WE MAKE ANY WARRANTY AS TO THE RESULTS THAT MAY BE OBTAINED FROM USE OF THE SERVICE, OR AS TO THE ACCURACY, RELIABILITY OR CONTENT OF ANY INFORMATION PROVIDED THROUGH THE SERVICE. WE MAKE NO WARRANTIES OF ANY KIND, EXPRESS OR IMPLIED, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF TITLE, NONINFRINGEME NT, OR IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. YOU EXPRESSLY AGREE THAT THE USE OF THIS SERVICE IS AT YOUR SOLE RISK.

MYSCHOOLBUCKS IS A CONVENIENT ALTERNATIVE PAYMENT METHODOLOGY BUT IS NOT THE ONLY WAY TO MAKE PAYMENTS TO YOUR SCHOOL. IN THE EVENT MYSCHOOLBUCKS IS NOT AVAILABLE AT ANY TIME FOR ANY REASON YOU ARE ADVISED TO MAKE ALTERNATIVE PAYMENT ARRANGEMEN TS. HEARTLAND PAYMENT SYSTEMS , INC. IS NOT RESPONSIBLE FOR THE CONSEQUENCES OF ANY FAILURE BY THE SCHOOL TO RECEIVE ANY PAYME NT.

TO THE FULL EXTENT PERMISSABLE BY APPLICABLE LAW, THIS DISCLAIMER OF LIABILITY APPLIES TO ANY CLAIMS, LOSSES, ACTIONS, DAMAGES OR INJURY RESULTING FROM ANY FAILURE OF PERFORMANCE OF THE SERVICE, ERROR, OMISSION, INACCURACY, INTERRUPTION, DEFECT, DELAY OR INTERRUPTION IN OPERATION OR TRANSMISSION, COMMUNICATION LINE FAILURE, SECURITY BREACH, UNAUTHORIZED ACCESS TO, ALTERATION OF OR USE OF INFORMATION. IN NO EVENT SHALL HEARTLAND PAYMENT SYSTEMS, INC., OR IT AFFIALIATES, BE LIABLE FOR ANY DAMAGES OF ANY KIND ARISING OUT OF THE USE OR INABILITY TO USE THE SERVICE, INCLUDING BUT NOT LIMITED  TO, DIRECT, INDIRECT, INCIDENTAL, PUNITIVE AND CONSEQUENTIAL DAMAGES. CERTAIN STATES DO NOT ALLOW LIMITATIONS ON IMPLIED WARRANTIES OR THE EXCLUSION OR LIMITATION OF CERTAIN DAMAGES. SOME OR ALL OF THE ABOVE DISCLAIMERS, EXCLUSIONS OR LIMITATIONS MAY NOT APPLY TO YOU.

## TERMINATION

You may terminate this Agreement at any time by providing written notice to us. Heartland Payment Systems, Inc. may immediately terminate this Agreement at any time without notice and for any reason, including, but not limited to, If you engage in any conduct which we, in our sole discretion, consider to be unacceptable, or if you breach this Agreement.

## APPLICABLE LAW

By visiting MySchoolBucks .com, you agree that the laws of  e State of New Jersey will govern these Terms of Use, and any dispute relating to the Service provided herein shall be subject to the Juri sdiction of the courts of the State of Ne Jersey.

## SITE POLICIES, SEVERABILITY

This Agreement and other agreements, policies and any operating rules posted on the Service constitute the entire agreement between you and us with respect to use of the Service, and supersede all previous written or oral agreements between the part ies with respect to such subject matter. Heartland Payment Systems, Inc., reserves the right at any time to change , add or delete any aspect or feature of the Service and the terms and conditions thereof, includ ing but not limited to, respective program fees. We will provide notice of any such change by posting a notice to the website or as otherwise required by law. Any use of the Service by you after such notice shall be deemed to constitute acceptance by you of such changes . Any waiver of our rights must be in writing and signed by us. Should any provision of this Agreement be held invalid or unenforceable by any court of competent jurisdiction, the remaining provisions shall remain in full force and effect.

### MobileApps

tIM,19 [Google Play]

### Get Social

### Quick Links

Home
My User Profile
My Students

### About MySchoolBucks

About Us
Contact Us
Help
Privacy Policy
Terms of Service