UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAX STORY, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

HEARTLAND PAYMENT SYSTEMS, LLC, a Foreign Limited Liability Company,

    Defendant.

CASE NO.:
3:19-cv-724-J-34JBT

## ANSWER OF DEFENDANT HEARTLAND PAYMENT SYSTEMS, LLC

Defendant Heartland Payment Systems, LLC ("HPS") hereby provides its Answer to Plaintiff's Complaint.

### I. INTRODUCTION

1. HPS admits that, among other things, it is a payment processing and technology provider, and it owns and operates MySchoolBucks. MySchoolBucks is an electronic platform that permits parents and others to make payments for school-related purchases, such as school meals, athletic fees and after-school programs. HPS further admits that its platform is used by over 2 million parents at over 30,000 schools nationwide.

HPS admits that Plaintiff purports to bring this action on behalf of himself and a class of similarly situated persons or entities against HPS. HPS denies that this case meets the requirements for class certification. HPS further denies that it is liable to Plaintiff or any member of the putative class.

Except as expressly admitted, the allegations in Paragraph 1 are denied.

2. HPS admits that Plaintiff used MySchoolBucks to pay for his child's school meals. HPS further admits that, under current pricing for the Program Fee option for Plaintiff's child's school, Plaintiff was charged a $2.49 fee for each transaction he made on or after December 11, 2017. HPS also admits that it has a Terms of Service contract, the most recent version being effective May 3, 2016. The Terms of Service speaks for themselves as to their content, and HPS denies the allegations in Paragraph 2 to the extent they are inconsistent with or mischaracterize the Terms of Service. HPS denies that it misleads consumers. Except as expressly admitted, the allegations in Paragraph 2 are denied.

3. Denied.

## II. JURISDICTION AND VENUE

4. This allegation calls for a legal conclusion, and thus no response is required. In an abundance of caution, HPS denies that the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, has jurisdiction. Rather, HPS properly removed this matter to federal court.

With respect to the allegation that Plaintiff is a resident of Duval County, Florida, HPS is without sufficient information to admit or deny that allegation, and therefore denies it. HPS admits that it conducts business throughout Florida.

Except as expressly admitted, the allegations in Paragraph 4 are denied.

5. The MySchoolBucks Terms of Service speak for themselves. HPS denies the allegations in Paragraph 5 to the extent they are inconsistent with or mischaracterize

the Terms of Service or are inconsistent with applicable law. Except as expressly admitted, the allegations in Paragraph 5 are denied.

6. This allegation calls for a legal conclusion, and thus no response is required. In an abundance of caution, HPS denies that the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida is the proper venue for this action. Rather, HPS properly removed this matter to the Middle District of Florida, Jacksonville District. Except as expressly admitted, the allegations in Paragraph 6 are denied.

### III. PARTIES

7. HPS is without sufficient information to admit or deny the allegations in Paragraph 7.

8. HPS admits that it is a foreign limited liability company that is a citizen of Delaware and Georgia. HPS denies that its current principal address is 10 Glenlake Parkway, North Tower, Atlanta, Georgia 30328. Except as expressly admitted, the allegations in Paragraph 8 are denied.

### IV. FACTUAL ALLEGATIONS

9. HPS admits that MySchoolBucks offers parents of children in participating schools and/or school districts the opportunity to make online payments for certain services. HPS further admits that it acquired the MySchoolBucks product in 2011. Except as expressly admitted, the allegations in Paragraph 9 are denied.

10. HPS admits that through MySchoolBucks, parents of children in participating schools and/or school districts can, depending on the school/school district, link a credit or debit card, or use ACH, a check or an e-check, to complete transactions

for school meals, after-school programs, bus passes, and athletic fees. Except as expressly admitted, the allegations in Paragraph 10 are denied.

11. HPS admits that there is a fee for some, but not all, MySchoolBucks transactions, which can be a Program Fee or Membership Fee. Except as expressly admitted, the allegations in Paragraph 11 are denied.

12. Heartland denies that a standardized amount is charged and collected uniformly for each school district nationwide. Heartland admits that some MySchoolBucks users paid a $1.95 Program Fee prior to December 11, 2017, while others did not. Heartland further admits that some, but not all, MySchoolBucks Program Fees increased to $2.49 effective December 11, 2017. HPS admits that, based on its current knowledge, Plaintiff paid for his child's school meals using MySchoolBucks, and, after December 11, 2017, paid a $2.49 Program Fee for each transaction he made through MySchoolBucks.

Except as expressly admitted, the allegations in Paragraph 12 are denied.

13. HPS admits that some MySchoolBucks' users are offered the option of paying a "Membership Fee," which allows the user to pay a lump sum for unlimited transactions. HPS admits that Plaintiff did not use the Membership Fee option, and that Plaintiff does not purport to include within the putative class persons who used the Membership Fee option.

Except as expressly admitted, the allegations in Paragraph 13 are denied.

14. HPS admits that Plaintiff purports to quote from the Terms of Service, which speaks for itself. HPS denies the allegations in Paragraph 14 to the extent they are

inconsistent with, misquote, or mischaracterize the Terms of Service. HPS denies that the Terms of Service are deceptive. Except as expressly admitted, the allegations in Paragraph 14 are denied.

15. Denied.

16. HPS admits that its Terms of Service govern MySchoolBucks transactions in all states in which MySchoolBucks is used. HPS further admits that the Terms of Service were most recently updated on May 3, 2016. Except as expressly admitted, the allegations in Paragraph 16 are denied.

17. This paragraph states a legal conclusion and requires no response. In an abundance of caution, HPS admits that Plaintiff purports to summarize or characterize the FTC's and some courts' positions on certain contracts or advertisements, which speak for themselves. HPS denies the allegations in Paragraph 17 to the extent they are inconsistent with or mischaracterize the FTC's and the unidentified courts' positions.

Except as expressly admitted, the allegations in Paragraph 17 are denied.

18. HPS admits that Plaintiff purports to characterize and then quote from the MySchoolBucks website. HPS denies the allegations in Paragraph 18 to the extent they mischaracterize, are inconsistent with, or misquote the MySchoolBucks website. Except as expressly admitted, the allegations in Paragraph 18 are denied.

19. HPS admits that Plaintiff purports to characterize or summarize the terms of the MySchoolBucks Terms of Service and website, which speak for themselves. HPS denies the allegations in Paragraph 19 to the extent they mischaracterize or are inconsistent with the Terms of Service or the MySchoolBucks website.

HPS further admits that it charges and collects a fee in connection with processing certain MySchoolBucks transactions. Each school and school district individually decides whether to pay some or all of the fee or to instead require the person conducting the transaction through MySchoolBucks to pay some or all of the fee. Except as expressly admitted, the allegations in Paragraph 19 are denied.

20. HPS admits that individual schools and school districts have provided information to potential or actual MySchoolBucks users regarding the availability, use, fees and/or benefits of MySchoolBucks, with such information varying by school and school district.

HPS further admits that Plaintiff purports to quote from a notice provided by the Souderton Area School District, which speaks for itself. HPS denies the allegations in Paragraph 20 to the extent they mischaracterize or misquote the notice. HPS notes that the cited webpage does not make any reference to MySchoolBucks Terms of Service or website being misleading.

Except as expressly admitted, the allegations in Paragraph 20 are denied.

21. HPS admits that individual schools and school districts have provided information to potential or actual MySchoolBucks users regarding the availability, use, fees and/or benefits of MySchoolBucks, with such information varying by school and school district.

HPS further admits that Plaintiff purports to characterize or summarize a notice provided by Speedway Schools, which speaks for itself. HPS denies the allegations in Paragraph 21 to the extent they mischaracterize or fail to accurately summarize the

notice. HPS notes that the cited webpage does not make any reference to the Terms of Service or website being misleading.

Except as expressly admitted, the allegations in Paragraph 21 are denied.

22. Denied.

23. HPS admits that Plaintiff seeks the relief identified in Paragraph 23. HPS denies that it has violated the NJCFA or TCCWNA, and denies that Plaintiff is entitled to any relief. Except as expressly admitted, the allegations in Paragraph 23 are denied.

## V. CLASS REPRESENTATION ALLEGATIONS

24. HPS admits that Plaintiff purports to bring this action under Florida Rule of Civil Procedure 1.220(a), (b) and (b)(3) on behalf of himself and others similarly situated. HPS denies that the Florida Rules of Civil Procedure apply in this removed proceeding. HPS denies that this action meets the requirements for class certification under the Florida or Federal Rules of Civil Procedure. Except as expressly admitted, the allegations in Paragraph 24 are denied.

25. HPS admits that Plaintiff purports to represent a so-called "National Class" and a so-called "Florida Subclass." HPS denies that this action meets the requirements for class certification. Except as expressly admitted, the allegations in Paragraph 25 are denied.

26. The allegations in Paragraph 26 state a legal conclusion, and thus no response is required. Nonetheless, in an abundance of caution, HPS denies the allegations in Paragraph 26 to the extent they are inconsistent with the NJCFA,

NJTCCWNA, and New Jersey unjust enrichment law. Except as expressly admitted, the allegations in Paragraph 26 are denied.

27. The allegations in Paragraph 27 state a legal conclusion, and thus no response is required. Nonetheless, in an abundance of caution, HPS admits that, for at least some period of time and for at least some transactions, it has records reflecting who paid MySchoolBucks Program Fees. HPS, however, denies that the putative classes are ascertainable. Except as expressly admitted, the allegations in Paragraph 27 are denied.

28. HPS admits that Plaintiff purports not to know the information identified in Paragraph 28 and believes the statements set forth in Paragraph 28. The last sentence of Paragraph 28 states a legal conclusion and therefore requires no response. Except as expressly admitted, the allegations in Paragraph 28 are denied.

29. Denied.

30. Denied.

31. HPS is currently without sufficient knowledge or information to admit or deny whether Plaintiff has no interest antagonistic to the putative class, and thus denies that allegation. HPS is also currently without sufficient knowledge or information to admit or deny whether Plaintiff's counsel is competent and experienced in both consumer protection and class action litigation, and thus denies that allegation. Except as expressly admitted, the allegations in Paragraph 31 are denied.

32. Denied.

33. Denied.

## COUNT I:
**Violation of the New Jersey Consumer Fraud Act**

## N.J.S.A. 56:8-2.1 *et seq.*
### (On Behalf of the National Class and Florida Subclass)

34. HPS repeats and re-alleges its responses to all prior allegations as if set forth at length herein.

35. Paragraph 35 states a legal conclusion and therefore requires no response. Nonetheless, in an abundance of caution, HPS admits that Plaintiff purports to summarize or characterize N.J.S.A. 56:8-2.1, which speaks for itself. HPS denies the allegations in Paragraph 35 to the extent they are inconsistent with or mischaracterize N.J.S.A. 56:8-2.1. Except as expressly admitted, the allegations in Paragraph 35 are denied.

36. HPS admits that Plaintiff purports to characterize and quote from an iteration of the MySchoolBucks Terms of Service, which speaks for itself. HPS denies the allegations in Paragraph 36 to the extent they mischaracterize or misquote the Terms of Service. HPS denies that the MySchoolBucks Terms of Service contain misrepresentations. Except as expressly admitted, the allegations in Paragraph 36 are denied.

37. HPS admits that Plaintiff purports to characterize and quote from an iteration of the MySchoolBucks website, which speaks for itself. HPS denies the allegations in Paragraph 37 to the extent they mischaracterize or misquote the MySchoolBucks website. Except as expressly admitted, the allegations in Paragraph 37 are denied.

38. HPS admits that it charges, and collects a fee in connection with processing certain MySchoolBucks transactions. HPS further admits that each school and school district makes an individualized decision whether to pay some or all of a fee

or to instead require MySchoolBucks users to pay some or all of the fee.  HPS denies that it engages in any unconscionable commercial practice, deception, fraud, and also denies that it makes any false promises, misrepresentations, or acts with false pretense.  Except as expressly admitted, the allegations in Paragraph 38 are denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## COUNT II
### Violation of the New Jersey Consumer Fraud Act
### N.J.S.A. 56:8-2.1 *et seq.*
### (On Behalf of the National Class and Florida Subclass)

45. HPS repeats and re-alleges its responses to all prior allegations as if set forth at length herein.

46. Paragraph 46 states a legal conclusion and therefore requires no response. Nonetheless, in an abundance of caution, HPS admits that Plaintiff purports to quote from N.J.S.A. 56:8-2, which speaks for itself.  HPS denies the allegations in Paragraph 46 to the extent they misquote N.J.S.A. 56:8-2.  Except as expressly admitted, the allegations in Paragraph 46 are denied.

47. HPS admits that Plaintiff purports to characterize and quote from an iteration of the MySchoolBucks Terms of Service, which speaks for itself.  HPS denies the allegations in Paragraph 47 to the extent they mischaracterize or misquote the Terms

of Service.  HPS denies that the MySchoolBucks Terms of Service contain misrepresentations.  Except as expressly admitted, the allegations in Paragraph 47 are denied.

48. HPS admits that Plaintiff purports to characterize and quote from an iteration of the MySchoolBucks website, which speaks for itself.  HPS denies the allegations in Paragraph 48 to the extent they mischaracterize or misquote the MySchoolBucks website.  Except as expressly admitted, the allegations in Paragraph 48 are denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## COUNT III
### Violation of the New Jersey Consumer Fraud Act
### N.J.S.A. 56:8-2.1 *et seq.*
### (On Behalf of the National Class and Florida Subclass)

56. HPS repeats and re-alleges its responses to all prior allegations as if set forth at length herein.

57. Paragraph 57 states a legal conclusion and therefore requires no response.  Nonetheless, in an abundance of caution, HPS admits that Plaintiff purports to quote from N.J.S.A. 56:8-2, which speaks for itself.  HPS denies the allegations in Paragraph 57 to

the extent they misquote N.J.S.A. 56:8-2. Except as expressly admitted, the allegations in Paragraph 57 are denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## COUNT IV
**Violation of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, ("TCCWNA") N.J.S.A. §56:12-14** *et seq.*
**(On Behalf of the National Class and Florida Subclass)**

66. HPS repeats and re-alleges its responses to all prior allegations as if set forth at length herein

67. Denied.

68. HPS admits it has contracted with Plaintiff and putative class members, and that the MySchoolBucks Terms of Service includes provisions relating to Program Fees and Membership Fees. Except as expressly admitted, the allegations in Paragraph 68 are denied.

69. Denied.

70. Paragraph 70 states a legal conclusion and therefore requires no response. Nonetheless, in an abundance of caution, it is denied.

## COUNT V

## Breach of Contract
### (On Behalf of the National Class and Florida Subclass)

71. HPS repeats and re-alleges its responses to all prior allegations as if set forth at length herein.

72. HPS admits that Plaintiff and putative class members contracted with HPS in connection with their use of the MySchoolBucks program. HPS further admits that Plaintiff attaches a copy of the May 3, 2016 Terms of Service for MySchoolBucks. Except as expressly admitted, the allegations in Paragraph 72 are denied.

73. Whether Plaintiff and each putative class member performed all conditions precedent to filing this action is an individual issue. HPS is currently without sufficient information and knowledge to identify which putative class members performed all conditions precedent and which did not. The allegations in Paragraph 73 are denied.

74. HPS admits that Plaintiff purports to quote from an iteration of the MySchoolBucks Terms of Service, which speaks for itself. HPS denies the allegations in Paragraph 74 to the extent they misquote the Terms of Service. Except as expressly admitted, the allegations in Paragraph 74 are denied.

75. Denied.

76. Denied.

77. HPS is currently without sufficient information or knowledge to admit or deny whether Plaintiff's counsel has been retained by Plaintiff to bring this action, and therefore denies that allegation. HPS denies that the putative class has retained the

undersigned attorneys. Except as expressly admitted, the allegations in Paragraph 77 are denied.

**COUNT VI**
**Unjust Enrichment**
**(On behalf of the National Class and the Florida Subclass)**

78. HPS repeats and re-alleges its responses to all prior allegations as if set forth at length herein.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

**PRAYER FOR RELIEF**

While HPS is not required to respond to the Prayer for Relief, HPS denies that Plaintiff or the putative class is entitled to any relief.

**GENERAL DENIAL**

To the extent not specifically denied above, HPS denies the allegations in the Complaint.

**DEFENSES**

HPS sets forth below its defenses. These are based on HPS' current information and knowledge. HPS reserves the right to add, change or remove its defenses as this case progresses.

**First Defense**

Plaintiff's and putative class members' claims fail to state a claim for which relief can be granted.

**Second Defense**

Plaintiff's and putative class members' claims are barred, in whole or in part, by waiver, laches, acquiescence, ratification, accord and satisfaction, release, unclean hands, and/or estoppel.

**Third Defense**

Plaintiff's and putative class members' claims are barred, in whole or in part, because of lack of damages.

**Fourth Defense**

Plaintiff's and putative class members' claims are barred, in whole or in part, because he cannot satisfy the requirements for class certification.

**Fifth Defense**

Plaintiff's and putative class members' claims are barred, in whole or in part, by the voluntary payment doctrine.

**Sixth Defense**

Plaintiff's and putative class members' claims are barred, in whole or in part, because HPS did not act knowingly, willfully, maliciously or in bad faith.

**Seventh Defense**

Plaintiff's and putative class members' claims are barred because he may not assert those claims under New Jersey law.

**Eighth Defense**

Plaintiff's claims are barred because Plaintiff lacks standing to bring them.

### Ninth Defense

Plaintiff's and putative class members' claims for declaratory relief is barred because he does not allege any uncertainty as to his rights.

### Tenth Defense

Plaintiff's and putative class members' claims and requests for damages are barred, in whole or in part, because they are unconstitutional.

### Eleventh Defense

Plaintiff's and putative class members' claims are barred by HPS' complete performance.

### Twelfth Defense

Plaintiff's and putative class members' claims are barred to the extent they are required to be arbitrated.

### Thirteenth Defense

Plaintiff's and putative class members' claims are barred to the extent they are prohibited by a class action waiver.

Dated June 24, 2019.

    Respectfully submitted,

    **ORR|COOK**

    */s/Michael Fox Orr*

    **Michael Fox Orr, Esquire**
    Florida Bar No.: 14594
    morr@orrcook.com
    nmitchell@orrcook.com
    edocket@orrcook.com

**Kathleen H. Crowley, Esquire**
Florida Bar No.: 93587
kcrowley@orrcook.com
50 N. Laura St., Ste. 1675
Jacksonville, Florida 32202
Telephone: (904) 358-8300
Facsimile: (904) 358-8303

*Attorneys for Heartland Payment Systems, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 24, 2019, I electronically filed the foregoing document using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other manner for those counsel or parties who are not authorized to receive electronically.

**ORR|COOK**

*/s/Michael Fox Orr*

**Michael Fox Orr, Esquire**
Florida Bar No.: 14594
morr@orrcook.com
nmitchell@orrcook.com
edocket@orrcook.com
**Kathleen H. Crowley, Esquire**
Florida Bar No.: 93587
kcrowley@orrcook.com
50 N. Laura St., Ste. 1675
Jacksonville, Florida 32202
Telephone: (904) 358-8300
Facsimile: (904) 358-8303

*Attorneys for Heartland Payment Systems, LLC*

## SERVICE LIST

**MAX STORY VS. HEARTLAND PAYMENT SYSTEMS, LLC
CIVIL ACTION NO.: 3:19-cv-00724-MMH-JBT
UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

**Janet R. Varnell, Esquire**
**Brian W. Warwick, Esquire**
Varnell & Warwick, P.A.,
P.O. Box 1870
Lady Lake, FL 32158
bwarwick@varnellandwarwick.com
jvarnell@varnellandwarwick.com
kstroly@varnellandwarwick.com
*Counsel for Plaintiff*