UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAX STORY and NANCY
MURREY-SETTLE, on behalf
of themselves and all others
similarly situated,

    Plaintiffs,

v.                                                      CASE NO. 3:19-cv-724-J-32JBT

HEARTLAND PAYMENT SYSTEMS,
LLC, etc.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court *sua sponte* following review of Plaintiffs' Second Amended Class Action Complaint ("SAC") (Doc. 77). As set forth herein, the SAC does not comply with the Court's May 20, 2020 Order ("Prior Order") (Doc. 75), and Plaintiffs' argument to the contrary is based on a misrepresentation of a clear directive in the Prior Order (*see* Doc. 85 at 12–13). Therefore, the SAC will be **STRICKEN**, Defendant's pending Motion to Dismiss (Doc. 82) will be **DENIED as moot**, and Plaintiffs will be directed to file an amended complaint that strictly complies with the Court's Prior Order.[1] Additionally, Plaintiffs' counsel will be directed to **SHOW CAUSE** in writing why sanctions should not be imposed against

---

[1] Although the current Motion to Dismiss will be denied as moot, discovery remains stayed until further order of the Court. (*See* Doc. 94.)

them based on their misrepresentation of, and failure to comply with, the directive in the Court's Prior Order.

In the Prior Order, the Court granted Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 62), dismissed the claims of two plaintiffs for lack of jurisdiction, and dismissed one claim with prejudice.[2]  (Doc. 75 at 29.) Additionally, the Court discussed the relevant pleading requirements for the three remaining New Jersey law claims, identified at least one pleading defect, and dismissed those claims, along with the prayer for declaratory and injunctive relief, without prejudice to Plaintiffs repleading them in a second amended complaint "consistent with [the Prior] Order . . . ."  (*Id.* at 17–20, 29.)  Importantly, the Prior Order clearly stated: "Plaintiffs may not add new parties or claims."  (*Id.* at 29 n.25.)

Despite the Court's directive, in the SAC Plaintiffs have added a new Florida law claim and seek to certify a new Florida subclass.  (Doc. 77 at 15, 25–29.) Additionally, in their Response to the pending Motion to Dismiss, Plaintiffs inexplicably argue that "there is no language [in the Prior Order] prohibiting the inclusion of other claims . . . ."  (Doc. 85 at 12–13.)  Not only did the Prior Order clearly include that language, but Defendant also specifically cited that language in the Motion to Dismiss.  (*See* Doc. 82 at 2.)  Therefore, Plaintiffs' counsel will be directed to show cause in writing why sanctions should not be imposed against

---

[2] A detailed background of this case is set forth in the Prior Order and will not be repeated herein.  (*See* Doc. 75.)

2

them based on their misrepresentation of, and failure to comply with, the directive in the Prior Order.

Because the SAC does not comply with the Prior Order, it will be stricken. Notably, the amendments discussed above are significant. Although Plaintiffs previously alleged that New Jersey law controlled the subject dispute, they now add a Florida law claim apparently based on a new theory of liability not previously pled. (*See* Docs. 57 & 77.) Thus, rather than simply curing the pleading defect(s) identified in the Prior Order as directed, Plaintiffs effectively filed an entirely new pleading that substantively changes the case.[3]

Accordingly, it is **ORDERED**:

1. The SAC (**Doc. 77**) is **STRICKEN**.

2. Defendant's Motion to Dismiss (**Doc. 82**) is **DENIED as moot**.

3. **On or before January 26, 2021**, Plaintiffs shall file an amended complaint that strictly complies with the Court's Prior Order (Doc. 75).[4]

4. **By that same date**, Plaintiffs' counsel shall **SHOW CAUSE** in writing why sanctions should not be imposed against them based on their

---

[3] This is evident from the parties' briefing regarding the pending Motion to Dismiss, a substantial portion of which is dedicated to addressing Plaintiffs' new claim. (*See* Docs. 82, 85, 93, 95.)

[4] This Order does not preclude Plaintiffs from filing a proper motion to amend, if appropriate, after fully and adequately conferring with Defendant. However, the Court notes that at the time the First Phase Case Management and Scheduling Order (Doc. 76) was entered on June 9, 2020, the Court "contemplate[d] that no further amendments to the pleadings will be necessary." (*Id.* at 1 n.2.)

misrepresentation of, and failure to comply with, the directive in the Court's Prior Order.

5. Defendant shall respond to the amended complaint in accordance with Federal Rule of Civil Procedure 15(a)(3) within 14 days after it is filed.

**DONE AND ORDERED** in Jacksonville, Florida, on January 12, 2021.

*Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

4