UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAX STORY and NANCY
MURREY-SETTLE, on behalf
of themselves and all others
similarly situated,

    Plaintiffs,

v.                                        CASE NO. 3:19-cv-724-J-32JBT

HEARTLAND PAYMENT SYSTEMS,
LLC, etc.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motion for Injunctive Relief ("Motion") (Doc. 97) and Plaintiffs' Response thereto (Doc. 103). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 104.) For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

**I.      Background**

In this putative class action lawsuit, Plaintiffs are parents whose children attend schools that use an electronic payment service provided by Defendant to process credit and debit card payments.[2]  Defendant often charges a "program fee" when a parent uses the service.  Plaintiffs allege that Defendant's misleading representations about the program fee violate New Jersey consumer fraud statutes and are a breach of contract under New Jersey law, which governs the terms of the agreement at issue.  Plaintiffs seek to certify a nationwide class of people who paid program fees pursuant to the subject agreement.

The Court previously dismissed the claims of two plaintiffs, Allen Call and James Eke, for lack of personal jurisdiction over Defendant.  (Doc. 75 at 29.)  Mr. Call, along with a citizen of New Jersey who is not affiliated with this case, have since filed a similar putative class action lawsuit against Defendant in the District of New Jersey that seeks to certify a similar nationwide class ("New Jersey Case").[3]  (*See* Doc. 96-1.)  The case was filed in New Jersey pursuant to the forum selection clause in the subject agreement, which was not invoked in this case.  (Doc. 75 at 3 n.2; Doc. 103 at 4–6.)  The plaintiffs in the New Jersey Case are

---

[2] This information is gleaned from the Court's May 20, 2020 Order, which sets forth a more detailed background of the case.  (*See* Doc. 75.)

[3] The undersigned takes judicial notice of the court file in that case, *Mazzei* v. *Heartland Payment Systems, LLC*, Case No. 1:20-cv-14929.

2

represented by local counsel and Varnell & Warwick, P.A., the same counsel representing Plaintiffs in this case ("Counsel").[4] (*See id.*)

The same day it was served with the complaint in the New Jersey Case, Defendant filed the instant Motion seeking to enjoin Counsel (not the plaintiffs themselves) from proceeding with the New Jersey Case based on the first-filed rule. (Doc. 97.) Although Defendant did not disclose it to this Court, it appears that Defendant has also requested that the New Jersey court stay that case based on the first-filed rule.[5] *See Mazzei*, Case No. 1:20-cv-14929 at Doc. 6.

## II. General Legal Principles

As the Eleventh Circuit has stated:

> The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case. Thus, we have held that [w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule.

*Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013) (citations and quotations omitted).

---

[4] Although Counsel signed the complaint in the New Jersey Case, at this time it does not appear that they have been admitted in that court or otherwise recognized as counsel of record for those plaintiffs.

[5] It appears this issue was addressed at a "pre-motion conference" with the New Jersey court on December 17, 2020. *See Mazzei*, Case No. 1:20-cv-14929 at Doc. 13. However, the results of the conference are unclear, and Defendant has not informed this Court of the status of the request for a stay in that case. Additionally, Defendant has not informed this Court that an amended complaint that adds a new plaintiff was recently filed in that case, or addressed whether that affects the instant Motion.

"The first-filed rule is a rule of equity . . . ." *Id.* at 80. "The grant of equitable relief is a matter of judicial discretion." *Preferred Sites, LLC v. Troup Cty.*, 296 F.3d 1210, 1220 (11th Cir. 2002). "The purpose of [the first-filed] rule is to promote judicial economy, protect against inconsistent judgments, and avoid fragmentary determinations." *Rodriguez v. Granite Servs. Int'l, Inc.*, Case No. 8:20-cv-2129-T-33JSS, 2020 WL 6784116, at *2 (M.D. Fla. Nov. 18, 2020). "When the first-filed rule applies, the proper course is [for the second-filed court] to transfer the second-filed case to the first-filed court to determine how the cases should proceed." *Savage v. Seterus, Inc.*, Case No. 2:19-cv-14256, 2020 WL 230982, at *3 (S.D. Fla. Jan. 15, 2020).

### III.  Analysis

In the Motion, Defendant requests the highly unusual relief that this Court enjoin Counsel, not any party, from prosecuting the New Jersey Case. (Doc. 97.)[6] At bottom, Defendant is attempting to preclude prosecution of the New Jersey Case because the plaintiffs in that case seek to certify a nationwide class similar to the one sought to be certified in this case.[7] (*Id.*) Because this Court lacks jurisdiction to enjoin plaintiffs in the New Jersey Case, Defendant seeks to

---

[6] Although Defendant has essentially conceded to this Court and the New Jersey court that Mr. Call can likely pursue his individual claims, it nevertheless requests that Counsel be enjoined from pursuing that case at all. (Doc. 97 at 6 n.1.) *See Mazzei*, Case No. 1:20-cv-14929 at Doc. 6.

[7] Additionally, the plaintiffs in the New Jersey Case are seeking to certify a New Jersey subclass. *See Mazzei*, Case No. 1:20-cv-14929 at Doc. 17.

4

substitute counsel in their place as the target of the requested injunction. (*Id.*) The undersigned recommends that the Motion be denied.

Preliminarily, when two similar cases are filed in different federal courts, it is typically the second-filed court, not the first-filed court, that initially determines whether the first-filed rule warrants transfer of the second-filed case to the first-filed court. *See Rodriguez*, 2020 WL 6784116, at *4; *Savage*, 2020 WL 230982, at *3. If the second-filed case is transferred to the first-filed court, the first-filed court then ultimately determines how the second-filed case should proceed. *See id.* If the procedure was otherwise and the first-filed court attempted to order transfer of the second-filed case, the first-filed court would "interfere with the jurisdiction of a sister court, which . . . is prohibited by black letter law." *See Collegiate Licensing Co.*, 713 F.3d at 81.

As an example of the typical procedure, in *Rodriguez* the plaintiff filed a putative class action lawsuit in the Middle District of Florida with claims and proposed classes similar to those included in a putative class action suit previously filed in the Northern District of Texas. *See Rodriguez*, 2020 WL 6784116, at *3–4. The defendant moved the second-filed court in the Middle District of Florida to dismiss or stay the second-filed case based on the first-filed rule. *Id.* at *1. Judge Virginia M. Hernandez Covington held that the first-filed rule applied, but that rather than dismissal, "transfer to the Amarillo Division of the Northern District of Texas . . . is the appropriate remedy" so that "[t]he Northern District of Texas will . . . be able to determine whether this later-filed suit should be dismissed, stayed, or

consolidated." *Id.* at *4. *See also* S*avage*, 2020 WL 230982, at *3–4 (where the second-filed court granted a motion to transfer the second-filed case to the first-filed court based on the first-filed rule). Therefore, Defendant's argument regarding the first-filed rule is more appropriately first raised before the New Jersey district court.[8] Moreover, even if that court does not transfer the New Jersey Case to this Court, it can still fashion suitable relief. S*ee, e.g.*, *Lott v. Advantage Sales & Mktg. LLC*, Case No. 980-JEO, 2011 WL 13229682, at *6 (S.D. Ala. Jan. 26, 2011) (where the second-filed court allowed the plaintiff in the second-filed case to pursue individual claims, but not class claims brought in the first-filed case); *Alvarez v. Gold Belt, LLC*, Case No. 08-4871(NLH)(KMW), 2009 WL 1473933, at *4 (D. N.J. May 26, 2009) (same); *Fusco v. Ocwen Loan Servicing, LLC*, Case No. 20-cv-80090-MIDDLEBROOKS, 2020 WL 2519964, at *3 (S.D. Fla. May 8, 2020) (same).

Moreover, the two cases cited by Defendant in support of its argument that the first-filed court can enjoin particular attorneys from prosecuting a similar

---

[8] Notably, it appears that Defendant is requesting that the New Jersey court stay that case rather than transfer it to this Court. *See Mazzei*, Case No. 1:20-cv-14929 at Doc. 6. It is unclear whether this Court's prior dismissal of Mr. Call's claims for lack of personal jurisdiction over Defendant, or any other "compelling circumstances," might prevent transfer. *See Rodriguez*, 2020 WL 6784116, at *2 (noting that a party may prevent transfer of the second-filed case to the first-filed court by "proving compelling circumstances to warrant an exception to the first-filed rule") (quotations omitted). Thus, it appears that Defendant has complicated matters by raising lack of personal jurisdiction regarding Mr. Call's claims in this case, which puts it in a seemingly untenable position to request transfer of that case back to this Court. Nevertheless, Defendant requests that the injunction sought allow Counsel to seek such a transfer. (Doc. 97 at 9.)

second-filed case that has not been transferred to the first-filed court are clearly distinguishable.  In *Collegiate Licensing*, the first-filed court in the Northern District of Georgia enjoined the insurer defendants in that case (not their attorneys) based on the first-filed rule from pursuing similar later-filed intervention complaints in the Northern District of California.  *See Collegiate Licensing Co.*, 713 F.3d at 81.  In short, those defendants were attempting to obtain rulings from the second-filed court in the Northern District of California on issues that were already pending before the first-filed court in the Northern District of Georgia, i.e. whether they had a duty to defend or indemnify their insureds.  *See id.* at 75–77.  On appeal, the Eleventh Circuit affirmed, holding that the district court did not abuse its discretion in issuing an injunction that "enjoined the Appellants from pursuing their claims in contravention of the Georgia district court's jurisdiction over this case of which it was initially seized before the intervention was sought or granted."  *Id.* at 81.  The Eleventh Circuit specifically noted that the injunction "was expressly directed to the [defendants]" and "not directed to the California district court."  *Id.*

In *In re Checking Account Overdraft Litigation*, 859 F. Supp. 2d 1313 (S.D. Fla. 2012), the other case Defendant cites, the first-filed court presiding over a multidistrict litigation ("MDL") proceeding that had been pending for nearly two years granted "Plaintiff's Emergency Motion to Enjoin Copycat Case Under the All Writs Act," and enjoined a defendant bank, "its counsel, and any parties acting in concert with them" from engaging in any further proceedings in a second-filed

"copycat" case.  The court based its decision on both the All Writs Act, 28 U.S.C. § 1651, and the first-filed rule.  *See id.* at 1324–25.  The court reasoned:

> This Court concludes that it cannot sit idly by and allow *Thomas* [the second-filed case] to proceed.  Allowing *Thomas* to move forward would create a dangerous precedent.  It would effectively encourage other defendants in MDL 2036 to follow the *Thomas* parties' lead, by cooperating with counsel who file substantially similar cases outside of MDL 2036 against banks that are already defending cases in MDL 2036, with the intent of settling those cases outside MDL 2036 and thereby undermining the ongoing litigation against such bank(s) in MDL 2036.  In the Court's view, the actions of the *Thomas* parties, in particular BancorpSouth [the enjoined party] which has long been subject to this Court's jurisdiction, exhibit a direct attempt to undermine this Court's authority granted by the JPML.  Thus, an injunction shall also issue under the "first-to-file rule."

*Id.*

Both of the above cases are clearly distinguishable.  First, the injunctions in those cases were directed solely or primarily at parties to the first-filed case, over whom the first-filed court had jurisdiction, who were also parties to the second-filed case.  Here, the plaintiffs in the New Jersey Case are not parties to this case, and this Court lacks jurisdiction over them, which is why Defendant seeks an injunction against Counsel.[9]  Next, unlike in those cases, there is no indication that the plaintiffs in the New Jersey Case or Counsel are attempting to undermine this Court's authority by filing that case.  In fact, Mr. Call initially brought his claims in

---

[9] Notably, even if this Court were to issue the requested injunction against Counsel, it would likely not prevent prosecution of the New Jersey Case.  The plaintiffs in that case are represented by additional attorneys who are currently prosecuting the case.

8

this Court. (*See* Doc. 57.) The New Jersey Case, filed there pursuant to an applicable forum selection clause, was filed only after Defendant successfully moved to have Mr. Call's claims dismissed for lack of personal jurisdiction in this Court. (*See* Doc. 62 at 8–11; Doc. 75 at 29.) Finally, the injunction in *In re Checking* was based in part on the All Writs Act, which is not at issue here.[10] Thus, these cases do not support Defendant's position.[11]

### IV.  Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

The Motion (**Doc. 97**) be **DENIED**.

**DONE AND ENTERED** in Jacksonville, Florida, on January 27, 2021.

*[signature: Joel B. Toomey]*

JOEL B. TOOMEY
United States Magistrate Judge

---

[10] Defendant does not argue that the requested injunction should be issued pursuant to the All Writs Act, which "confers extraordinary powers upon federal courts . . . to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *In re Checking Acct. Overdraft Litig.*, 859 F. Supp. 2d at 1322. Moreover, there appears to be no need for the Court to resort to the All Writs Act in this case, particularly when the New Jersey district court has not yet even had the opportunity to fully consider the first-filed rule.

[11] Moreover, equitable considerations do not weigh in favor of Defendant's position. Specifically, Defendant chose not to invoke a forum selection clause in this case requiring cases to be litigated in New Jersey. (Doc. 75 at 3.) Defendant then successfully moved to dismiss Mr. Call's claims in this case based on lack of personal jurisdiction. (Doc. 62 at 8–11; Doc. 75 at 29.) Now that Mr. Call has filed suit in New Jersey pursuant to the subject forum selection clause, Defendant is attempting to prevent prosecution of that case. (Doc. 97.) In short, it appears that Defendant's own actions in this case resulted in the foreseeable filing of the New Jersey Case.

Copies to:

The Honorable Timothy J. Corrigan
Chief United States District Judge

Counsel of Record