UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAX STORY, et al., on behalf of
themselves and all others similarly
situated,

    Plaintiffs,

v.                                                    CASE NO. 3:19-cv-724-TJC-SJH

HEARTLAND PAYMENT
SYSTEMS, LLC, etc.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Unopposed Motion to Seal Under Local Rule 1.11 ("Motion"), filed on April 1, 2025. Doc. 272. The Motion seeks to provisionally seal portions of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. *Id.* at 1. No other memorandum supporting the seal has been filed, and the deadline for such a memorandum has passed. *See* Local Rule 1.11(c). For the reasons herein, the Motion is due to be denied.

The public has a "common-law right of access to judicial proceedings," which "includes the right to inspect and copy public records and documents." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quotations omitted). This common-law right of access applies to materials "filed in connection with any substantive pretrial motion, unrelated to discovery[.]" *Id.* The common-law "right of

access is not absolute, however." *Id.* It "may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Id.* at 1246 (quotations omitted) (listing factors considered in balancing these interests). "Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." Local Rule 1.11(a).

Here, Plaintiffs seek sealing on the sole basis that Defendant, Heartland Payment Systems, LLC ("Heartland"), has designated material confidential under a Stipulated Protective Order ("Protective Order"), Doc. 162. *See* Doc. 272 at 2.[1] However, "Plaintiffs take no position on whether good cause supports sealing the materials." *Id.* (citing *Romero*, 480 F.3d at 1246). Plaintiffs instead defer to Heartland, which "bears the burden to demonstrate that sealing is warranted." *Id.* (citing Local Rule 1.11(c)). Indeed, Plaintiffs seek sealing of only a provisional duration "until Heartland substantiates the basis for maintaining the material under seal." *Id.*

Heartland had 14 days after service of the Motion to "file a memorandum supporting the seal." *See* Local Rule 1.11(c). It did not. Thus, no good cause for sealing has been shown. *See Lingard v. Holiday Inn Club Vacations, Inc.*, No. 6:23-cv-323-JSS-

---

[1] The Protective Order does not purport to authorize any filings under seal but instead requires motions to seal any material designated as confidential thereunder be brought in accordance with the local and federal rules, including Local Rule 1.11; the Protective Order also acknowledges that any such motion may be denied, leading to the filing of such materials in the public record. *See* Doc. 162 at 15-16. Moreover, "[s]ealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." Local Rule 1.11(a).

RMN, 2024 WL 3708037, at *1 (M.D. Fla. July 15, 2024) ("Plaintiffs filed their Motion seeking to provisionally seal exhibits to their motion for class certification … and provided no basis apart from the parties' agreement that the materials should be sealed. Defendants have not responded to the Motion, nor have they provided a memorandum establishing good cause to support the seal. The court therefore finds that good cause does not exist to maintain the documents under seal.") (internal citations omitted); *see also Lingard v. Holiday Inn Club Vacations, Inc.*, No. 6:23-cv-323-JSS-RMN, 2024 WL 3666447, at *1 (M.D. Fla. July 19, 2024).[2]

Accordingly, it is **ORDERED**:

1. The Motion is **denied**.

2. Absent a timely motion for relief as set forth in Local Rule 1.11(d), within 14 days hereof, the Clerk is **directed** to unseal docket entry 272-1.

**DONE AND ORDERED** in Jacksonville, Florida, on April 18, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

---

[2] Even if the Court were otherwise inclined to grant the Motion, the requested duration of sealing, Doc. 272 at 2, has by its terms passed given that Heartland has opted not to substantiate the sealing within the time required by Local Rule 1.11(c).

Copies to:

Counsel of Record