UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAX STORY, et al., on behalf of
themselves and all others similarly
situated,

      Plaintiffs,

v.                                                  CASE NO. 3:19-cv-724-TJC-SJH

HEARTLAND PAYMENT
SYSTEMS, LLC, etc.,

      Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Heartland Payment Systems, LLC's Unopposed Motion for Leave to Seal Pursuant to Local Rule 1.11 ("Motion"). Doc. 276. The Motion is due to be denied.

By way of background, on April 1, 2025, Plaintiffs filed a motion for preliminary approval of class action settlement ("Motion for Approval"). Doc. 271. Plaintiffs filed their Motion for Approval in the public record, but with certain redactions. *Id.* Contemporaneously, Plaintiffs filed a motion to seal, seeking to file the complete and unredacted Motion for Approval under seal ("Prior Motion to Seal"). Doc. 272.

In the Prior Motion to Seal, Plaintiffs sought sealing on the sole basis that Defendant, Heartland Payment Systems, LLC ("Heartland"), had designated material confidential under a Stipulated Protective Order ("Protective Order"), Doc. 162. *See*

Doc. 272 at 2. However, Plaintiffs took no position on whether good cause supported the sealing, instead deferring to Heartland to carry its burden to demonstrate sealing was warranted. *Id.* (citing Local Rule 1.11(c)).

On April 18, 2025, the Court denied the Prior Motion to Seal. Doc. 274. As the Court explained in part:

> Heartland had 14 days after service of the [Prior Motion to Seal] to "file a memorandum supporting the seal." *See* Local Rule 1.11(c). It did not. Thus, no good cause for sealing has been shown. *See Lingard v. Holiday Inn Club Vacations, Inc.*, No. 6:23-cv-323-JSS-RMN, 2024 WL 3708037, at *1 (M.D. Fla. July 15, 2024) ("Plaintiffs filed their Motion seeking to provisionally seal exhibits to their motion for class certification … and provided no basis apart from the parties' agreement that the materials should be sealed. Defendants have not responded to the Motion, nor have they provided a memorandum establishing good cause to support the seal. The court therefore finds that good cause does not exist to maintain the documents under seal.") (internal citations omitted); *see also Lingard v. Holiday Inn Club Vacations, Inc.*, No. 6:23-cv-323-JSS-RMN, 2024 WL 3666447, at *1 (M.D. Fla. July 19, 2024).

*Id.* at 2-3.[1] The Court thus directed the Clerk to unseal the unredacted Motion for Approval at docket entry 272-1. *Id.* at 3. The Court stayed such unsealing for 14 days in accordance with Local Rule 1.11(d). *Id.*

Heartland filed the instant Motion on April 28, 2025. Doc. 276. In the Motion, Heartland attaches a second unredacted copy of Plaintiffs' Motion for Approval, Doc.

---

[1] The Court further explained that the applicable Protective Order does not purport to authorize any filings under seal, which, in any event, would not be consistent with Local Rule 1.11(a). *See id.* at 2 n.1. The Court also noted that even if it were otherwise inclined to grant the Prior Motion to Seal, which it was not, the limited requested duration of sealing in that motion had passed insofar as Heartland had opted not to substantiate the sealing within the time required by Local Rule 1.11(c). *See id.* at 3 n.2.

276-1, "and requests that the Court allow Heartland to maintain under seal limited redactions in Plaintiffs'" Motion for Approval. Doc. 276 at 1 (citing Doc. 271).[2] The Motion is due to be denied.

    First, the Motion is not properly raised and is untimely. Heartland does not seek to file anything new under seal. Rather, it belatedly attempts to argue in support of some of the sealing sought but ultimately rejected by the Court in the Prior Motion to Seal. *See id.* But Heartland has forfeited such arguments. Plaintiffs properly filed the Prior Motion to Seal in accordance with Local Rule 1.11. Heartland could have, but failed to, timely support that motion to seal with a supporting memorandum within 14 days. *See* Local Rule 1.11(c). Indeed, even if the attachment to Heartland's *own* Motion were to remain sealed, the Court has already ordered the unsealing of the full Motion for Approval at docket entry 272-1 when ruling on the Prior Motion to Seal. *See* Doc. 274.[3] By operation of Local Rule 1.11(d), as confirmed by the Cour's prior Order, such unsealing was stayed for 14 days "to permit a motion to reconsider, for review, to withdraw the item, or for other relief." *See id.* at 3; Local Rule 1.11(d). But Heartland does not purport to seek any relief of the sort contemplated by Local Rule

---

    [2] Heartland essentially seeks to seal some, but not all, of the information at issue in Plaintiffs' Prior Motion to Seal concerning the redactions to the publicly filed version of the Motion for Approval. *See generally id.*

    [3] Unable to confront head on the issue of untimeliness, Heartland's Motion does not seek any relief as to docket entry 272-1, the unredacted Motion for Approval that the Court has ordered be unsealed. *See generally* Doc. 276; *see also* Doc. 274 at 3.

3

1.11(d)—reconsideration, review, withdrawal, or the like. *See generally* Doc. 276.[4]

At bottom, though not presented as such, Heartland seeks reconsideration of the Court's April 18, 2025, Order based on an untimely supporting memorandum it filed without leave. Such relief is inappropriate. Heartland has not acknowledged, much less satisfied, the heavy burden for reconsideration. *See U.S. All Star Fed'n, Inc. v. Open Cheer & Dance Championship Series, LLC*, No. 6:21-cv-2135-WWB-DCI, 2024 WL 414636, at *1-3 (M.D. Fla. Feb. 5, 2024); *see also Gorbey v. Davis*, No. 5:23-cv-429-WFJ-PRL, 2024 WL 1619372, at *1 (M.D. Fla. Apr. 15, 2024); *Graziano v. Schelling*, No. 2:22-cv-34-SPC-KCD, 2023 WL 6586088, at *1 (M.D. Fla. Oct. 10, 2023). To the contrary, Heartland simply seeks a second bite at the apple to raise arguments it could and should have timely raised when the Prior Motion to Seal was filed and before the Court's ruling on the same. Such is not a persuasive basis for reconsideration. *See U.S.*

---

[4] Heartland apparently seeks to restart the entire process with its own motion to seal. *See id.* at 3. But contrary to Heartland's suggestion, the Court's earlier Order did not stay unsealing "unless Heartland filed a motion for relief under Local Rule 1.11" within 14 days. *Id.* at 3. Rather, unsealing was stayed by 14 days only pursuant to *Local Rule 1.11(d)*, not to reopen the *entirety* of Local Rule 1.11. *See* Doc. 274 at 3. Though not argued, to the extent Heartland may contend that its Motion falls within the "other relief" provision of Local Rule 1.11(d), the undersigned disagrees. First, such a construction would render the time limits in Local Rule 1.11(c) superfluous and meaningless. Parties would be free to ignore (as Heartland did here) the time limitations for supporting a motion to seal filed by another party, force the Court to do unnecessary work issuing an order, and only then purport to justify sealing in the first instance with supporting authority thereby requiring another review and corresponding order. That is untenable. Local Rule 1.11(d) simply mitigates the potential harm of an order denying sealing by providing a brief stay and corresponding limited opportunity to seek relief to challenge or obviate such a ruling; the "other relief" contemplated by the rule must be read in context of the entire rule and in conjunction with the company it keeps. *Cf. In re Brickwell Inv. Corp.*, No. 89-cv-0715, 1997 WL 593820, at *2 (S.D. Fla. June 11, 1997); *see also Washington State Dep't of Soc. & Health Servs. v. Guardianship Est. of Keffeler*, 537 U.S. 371, 384 (2003).

*All Star Fed'n*, 2024 WL 414636, at *1-3; *see also Gorbey*, 2024 WL 1619372, at *1; *Graziano*, 2023 WL 6586088, at *1. Nor does Heartland acknowledge—much less move to excuse with good cause and excusable neglect, *see* Fed. R. Civ. P. 6(b)(1)(B)—its failure to timely support the sealing it now seeks, *see MSP Recovery Claims, Series LLC v. AIX Specialty Ins. Co.*, No. 6:18-cv-1456-Orl-40DCI, 2019 WL 10749717, at *2-3 (M.D. Fla. Dec. 26, 2019). Thus, the Motion is due to be denied.

      Though the foregoing is sufficient to deny the Motion, even if the Court were to excuse the foregoing and consider the Motion on the merits as timely, denial would still be appropriate. The public has a "common-law right of access to judicial proceedings," which "includes the right to inspect and copy public records and documents." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quotations omitted). This common-law right of access applies to materials "filed in connection with any substantive pretrial motion, unrelated to discovery[.]" *Id.* The common-law "right of access is not absolute, however." *Id.* It "may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Id.* at 1246 (quotations omitted) (listing factors considered in balancing these interests). "Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." Local Rule 1.11(a).

      Heartland makes two brief arguments in support of sealing, neither of which is persuasive. First, Heartland contends that sealing is necessary because the information

proposed for redaction and sealing is "derived from confidential documents" and is "confidential and sensitive" such that it "is unique to Heartland and not of concern to the public." Doc. 276 at 5, 7. But Heartland's conclusory say-so is insufficient to carry its burden, overcome the presumption of public access, and justify sealing. *See U.S. All Star Fed'n*, 2024 WL 414636, at *2-3 (collecting authority that "mere labels do not satisfy Local Rule 1.11" and declining to reconsider prior ruling and seal items the Court acknowledged were "'financial' in nature'" as "that characteristic alone does not overcome the presumption of openness"); *Rodriguez v. Magic Burgers, LLC*, No. 6:19-cv-1656-CEM-LRH, 2021 WL 3017528, at *2 (M.D. Fla. Mar. 24, 2021) ("The Defendant's conclusory statement that the documents at issue contain proprietary information, trade secrets, and are subject to protection under the parties' confidentiality agreement falls short of rebutting the presumption in favor of openness. First, an agreement to seal documents has no bearing on whether the documents in question should be sealed. Second, the Defendant has not shown that the documents it wishes to seal contain proprietary information or constitute trade secrets. … The Defendant has not presented any evidence, such as a declaration or affidavit, showing that the documents at issue meet any of the foregoing elements.") (internal citations omitted); *see also SAG FL, LLC v. Kia Am., Inc.*, No. 6:23-cv-2117-JSS-DCI, 2025 WL 1167820, at *2 (M.D. Fla. Apr. 22, 2025); Local Rule 1.11(a). This is *particularly* true in this class-action case, where, as discussed further below, the public interest in access is even higher. *See, e.g., Reed v. CRST Van Expedited, Inc.*, No. 8:17-cv-199-T-27CPT,

6

2018 WL 5077179, at *1 (M.D. Fla. Apr. 17, 2018) ("And as the case is here, in class actions—where by definition some members of the public are also parties to the [case]—the standards for denying public access to the record should be applied … with particular strictness.") (internal quotations omitted); *see also MSP Recovery Claims, Series LLC v. United Auto. Ins. Co.*, No. 20-cv-20887, 2021 WL 2980598, at *1 n.1 (S.D. Fla. June 4, 2021).

Heartland also argues that the Court has previously authorized sealing of the underlying records from which the redacted portions of the Motion for Approval are derived. *See* Doc. 276 at 4 (citing Doc. 205). That is unpersuasive for a few reasons. First, the prior endorsed Order cited by Heartland was expressly subject to revisitation. *See* Doc. 205. Second, it involved the entirety of the purportedly confidential records. *See id.* Here, by comparison, only certain figures and arguments derived from those records are at issue. To be sure, the redaction and sealing requested by Heartland is limited; but so, in turn, is the corresponding exposure. The potential interest of Heartland in redacting the excerpts at issue in the Motion for Approval is less than in protecting both the underlying documents and corresponding discussions.

Finally, context further warrants denial of the Motion. As discussed, the public interest in access is heightened in class-action cases. *See Reed*, 2018 WL 5077179, at *1; *see also MSP Recovery Claims,* 2021 WL 2980598, at *1 n.1. And that already acute interest is, if anything, even *higher* in the current situation, given that the redactions at issue pertain to the preliminary approval of a proposed settlement that would bind

7

public class members. *See, e.g.*, *Dickerson v. Novartis Corp.*, No. 1:15-cv-1980-GHW, 2016 WL 9560056, at *2-3 (S.D.N.Y. Apr. 11, 2016) ("The presumption of public access is particularly relevant in the class action context, given that the judicial documents may be relevant to an absent class members' decision to opt out or object to the proposed settlement, as well as '[t]he public interest in the fair administration of class actions.' …. [P]ublic access to the entire document plays a significant role in the process in question—preliminary approval of the settlement—particularly so, given that prospective class members would broadly release claims as part of the settlement.").

Here, for example, Heartland does not dispute that (i) "Plaintiffs have indicated that the redacted items [for which sealing is requested] are necessary to support their" Motion for Approval; and (ii) Plaintiffs "rely on them to make their arguments." Doc. 276 at 4-5. Heartland even "agrees that it is necessary" to allow "Plaintiffs to present this evidence to the Court in connection with Plaintiffs'" Motion for Approval. *Id.* at 5. If the information at issue is necessary and appropriate for the Court's consideration as to the proposed settlement, so too is it necessary for consideration by members of the public—including putative class members and potential objectors.[5] Heartland has not discussed or satisfactorily addressed this issue, which further warrants denying the

---

[5] This context makes Heartland's conclusory assertion that the information at issue is "not of concern to the public[,]" *see* Doc. 276 at 7, even more untenable, *see Dickerson*, 2016 WL 9560056, at *2-3; *see also Reed*, 2018 WL 5077179, at *1.

8

Motion.[6] Ultimately, balancing the competing interests, *Romero*, 480 F.3d at 1245, on this record, the Motion is due to be denied.

Accordingly, it is **ORDERED**:

1. The Motion (Doc. 276) is **denied**.

2. Absent a timely motion for relief as set forth in Local Rule 1.11(d), within 14 days hereof, the Clerk is **directed** to unseal docket entries 272-1 and 276-1.

**DONE AND ORDERED** in Jacksonville, Florida, on May 7, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record

---

[6] The undersigned does not suggest that sealing is *never* appropriate in connection with class-settlement-approval papers. *See, e.g.*, *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 325 (N.D. Cal. 2018). But sufficient justification for sealing is not apparent on this record.

9