UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| MAX STORY, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEARTLAND PAYMENT SYSTEMS, LLC,<br><br>Defendant. | No. 3:19-cv-724-TJC-SJH |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING FINAL APPROVAL HEARING FOR SEPTEMBER 25, 2025

This matter having come before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion") (Doc. 271/272-1), the Court having reviewed in detail and considered the Motion, the Class Action Settlement Agreement ("Settlement Agreement") (Doc. 271-2) between Plaintiffs Max Story and Nancy Murrey-Settle and Defendant Heartland Payment Systems, LLC ("Heartland") (together, the "Parties"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, and corrected exhibits thereto (Doc. 275), **HEREBY GRANTS** Plaintiffs' Motion (Doc. 271).

**ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Court has jurisdiction over the subject matter of the litigation, the Parties, and all Settlement Class Members.

2. Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

3. The Court concludes that the Settlement is likely to be found fair, adequate, and reasonable.

4. The Class Representatives and Class Counsel have adequately represented the Class. The Court has observed that the Class Representatives and Class Counsel have vigorously and effectively represented the Class through the briefing and arguing motions for class certification, exclusion of expert testimony, and summary judgment.

5. The Settlement was negotiated at arm's length, without collusion, and under the supervision of an experienced and well-respected mediator.

6. The relief provided by the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class, when measured against, among other things, the costs, risks, and delay of trial and appeal. In particular, this case presents numerous risks on liability, as illustrated by the fulsome summary judgment briefing and oral argument presented at the July 17, 2024 hearing.

7. The Settlement is non-reversionary and is proposed to be distributed based on each Class Member's paid Program Fees, a method that is well established as fair.

8. Class counsel intend to seek attorneys' fees as a percentage of the common fund, the preferred approach in this Circuit. The Court will decide the entitlement to, and amount of, any fees or service awards at the appropriate time.

9. The parties state that there are no side agreements required to be identified under Rule 23(e)(3).

10. The Settlement apportions the Settlement Fund, after deductions for attorneys' fees, costs, and settlement expenses, based on the amount of Program Fees each valid claimant paid, an apportionment that treats Settlement Class Members equitably.

11. The Court concludes that it will likely be able to certify the Settlement Class under Rules 23(a) and 23(b)(3). The Court reaches the following conclusions for settlement purposes only:

    a. The Settlement Class is sufficiently numerous.

    b. Resolution of this litigation would depend on common answers to common questions, including whether the Program Fees were consistent with the credit card network rules, whether any inconsistency constitutes unconscionable commercial conduct under the New Jersey

Consumer Fraud Act, and the meaning of Heartland's Terms of Service.

c. Plaintiffs' claims are typical of the Class because they arise out of the same factual circumstances and proceed under the same legal theories.

d. Plaintiffs are adequate Class Representatives because there are no evident conflicts between them and the Class, and they have evidenced a willingness to advocate vigorously for the Class. Class Counsel are experienced attorneys who have been appointed class counsel in class action cases and settlements.

e. Common issues in this litigation predominate over individual issues. The central elements of the Class's claims concern Heartland's practices.

f. A class action is superior to many individual actions because, among other reasons, the Class's claims are low-value individually and so it is not economical to bring individual lawsuits.

12. The Settlement Class is defined as:

All natural persons who enrolled in MySchoolBucks and paid Program Fees to Heartland on credit or debit card "Meals" transactions between June 18, 2013 and July 31, 2019, except those whose last transaction occurred before January 1, 2015.

13. Plaintiffs Max Story and Nancy Murrey-Settle are preliminarily appointed as Class Representatives.

14. The Court preliminarily appoints the following counsel to serve as Class Counsel: Jason L. Lichtman of Lieff Cabraser Heimann & Bernstein, LLP, Janet Varnell and Brian Warwick of Varnell & Warwick, P.A., and Lisa R. Consodine and David J. DiSabato of Siri & Glimstad LLP.

15. The Court approves, in form and content, the notices located in the file at Doc. 271-4, Doc. 275-1 and Doc. 275-2, and finds that they meet the requirements of Fed. R. Civ. P. 23 and satisfy due process.

16. The Court finds that the Notice plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by email and/or mail to Settlement Class Members where feasible and a Settlement Website, and satisfies fully the requirements of the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this action. The Parties, by agreement, may revise the forms of Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

17. Eisner Advisory Group LLC is hereby appointed Settlement Administrator to supervise and administer the Notice process, as well as to

oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement.

18. The Settlement Administrator may proceed with the distribution of Class Notice as set forth in the Settlement Agreement.

19. Settlement Class Members who wish to receive the monetary benefit under the Settlement Agreement must complete and submit a valid claim in accordance with the instructions provided in the Class Notice on or before **August 20, 2025**.

20. All claims must be submitted electronically no later than **August 20, 2025**. Settlement Class Members who do not timely submit a claim deemed to be valid in accordance with the Settlement Agreement shall not be entitled to receive any monetary benefit from the Settlement.

21. Any Person within the Settlement Class may request exclusion from the Settlement Class by expressly stating their request in a written exclusion request in the manner described in the Settlement Agreement. Such exclusion requests must be received by the Settlement Administrator no later than **August 28, 2025** at the following address:

| Settlement Administrator | Heartland Settlement Administrator c/o Eisner Advisory Group LLC P.O. Box 3413 Baton Rouge, LA 70821 info@MSBFeeSettlement.com |
|---|---|

22. In order to exercise the right to be excluded, a Person within the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing the Class Member's: (1) full name, address, and telephone number where the Class Member may be contacted; (2) a statement affirming that the Person is a member of the Settlement Class; and (3) a statement that explicitly states that Person wishes to be excluded from the Settlement Class. Any request for exclusion must be individually and personally signed by the person requesting exclusion. Mass opt outs and class requests for exclusion that are not signed by each Class Member in the foregoing manner described above, or are signed only by counsel or other representatives, are impermissible.

23. Any person in the Settlement Class who properly and timely elects to be excluded shall not: (1) be bound by the Final Approval Order and Final Judgment or every order or judgment entered pursuant to the Settlement Agreement; (2) be entitled to relief under the Settlement Agreement; (3) gain any rights by virtue of this Settlement Agreement; or (4) be entitled to object to any aspect of this Settlement Agreement.

24. Any communications from Class Members (whether styled as an exclusion request, an objection, or a comment) as to which it is not readily apparent that the Class Member seeks to be excluded from the Class will be reviewed jointly by Class Counsel and Defendant's Counsel. Class Counsel and Defendant's Counsel

will make a good faith evaluation, if possible, of the Class Member's intentions. Any uncertainties about whether a Class Member is requesting exclusion from the Settlement Class will ultimately be resolved by the Court.

25. The Settlement Administrator will maintain a list of all Opt Outs. The Settlement Administrator shall report the names and addresses of all such entities and natural persons requesting exclusion in an "Opt Out List" to the Court, Class Counsel, and Defendant's Counsel no later than **September 3, 2025**.

26. Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including the amount of the attorneys' fees and expenses that Class Counsel intends to seek and the payment of any service awards, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth below in Paragraph 33 of this Order, with the Clerk of the Court. The written objection and supporting documentation must also be served by U.S. Mail, FedEx, UPS, or email upon Class Counsel, counsel for Defendant, and the Settlement Administrator no later than **August 28, 2025**. Addresses for the Clerk of the Court, Class Counsel, counsel for Defendant, and the Settlement Administrator are as follows:

| Clerk of Court | Office of the Clerk of the Court |
| --- | --- |
| | U.S. District Court, Bryan Simpson U.S. Courthouse |
| | Middle District of Florida |
| | 300 North Hogan Street |
| | Jacksonville, Florida 32202 |
| Class Counsel | Jason L. Lichtman |
| | Lieff Cabraser Heimann & Bernstein, LLP |
| | 250 Hudson Street, 8th Floor |
| | New York, New York 10013 |
| | jlichtman@lchb.com |
| | |
| | Sarah D. Zandi |
| | Lieff Cabraser Heimann & Bernstein, LLP |
| | 275 Battery Street, 29th Floor |
| | San Francisco, CA 94111 |
| | szandi@lchb.com |
| Counsel for Defendant | Peter Starr |
| | King & Spalding LLP |
| | 1180 Peachtree St. NE |
| | Suite 1600 |
| | Atlanta, GA 30303 |
| | pstarr@kslaw.com |
| Settlement Administrator | Heartland Settlement Administrator |
| | c/o Eisner Advisory Group LLC |
| | P.O. Box 3413 |
| | Baton Rouge, LA 70821 |
| | info@MSBFeeSettlement.com |

27. Any Settlement Class Member who has not requested exclusion and who intends to object to this Agreement must state, in writing: (1) the case name and number of the Action; (2) the objecting Settlement Class Member's full name, home address, and telephone number at which the Member can be reached; (2) an affirmation that the objector is a member of the Settlement Class; (4) all grounds for the objection, with specificity and with factual and legal support for each stated ground, and a statement of whether the objection applies only to the objector, to a

specific subset of the Class, or to the entire Class; (5) copies of any papers, briefs, or other documents upon which the objection is based; (6) a statement of the identity (including name, address, law firm, phone number and email) of any lawyer who will be representing the individual with respect to any objection; and (7) a statement indicating whether the objector or the objector's counsel intends to appear at the Fairness Hearing and if so, a list of any and all persons who will be called to testify in support of the objection.

28. A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement may appear at the Fairness Hearing in person or through counsel. Attendance at the Fairness Hearing is not necessary.

29. Any Settlement Class Member who timely objects to the Settlement in the manner provided herein may be required to provide testimony or produce documents under Federal Rules of Civil Procedure 30 and 34, by means of a deposition request and/or document request pursuant to Fed. R. Civ. P. 30, 31, 34, and 45.

30. Class Counsel may file any motion seeking an award of attorneys' fees, costs and expenses, no later than **July 24, 2025**.

31. All papers in support of the final approval of the proposed Settlement, and in response to any objections, shall be filed no later than **September 8, 2025**.

32. The Fairness Hearing shall be held before the Court on **September 25, 2025 at 2:00 p.m.** in Courtroom 10D of the U.S. District Court for the Middle District of Florida, 300 North Hogan Street, Jacksonville, Florida 32202 (or at such other time or location as the Court may without further notice direct) for the following purposes:

    a. To determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

    b. To consider the application for an award of attorneys' fees, costs and expenses of Class Counsel;

    c. To finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23 have been met; and

    d. To rule upon such other matters as the Court may deem appropriate.

33. The Court may, for good cause, extend any of the scheduled dates or deadlines set forth in this Order without further notice to the members of the Settlement Class. The Fairness Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class, except that the Settlement Website shall maintain up to date information regarding the hearing and all scheduled deadlines. At or following the Fairness Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Approval Order and Judgment in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

34. The Court adopts the following deadlines pursuant to the Settlement Agreement:

| | |
|---|---|
| **Class Notice Sent By:** | **June 23, 2025.** |
| **Settlement Website Launched By:** | **June 23, 2025.** |
| **Fee and Expense Application:** | **July 24, 2025.** |
| **Claims Deadline:** | **August 20, 2025.** |
| **Deadline for Objections/Exclusions:** | **August 28, 2025.** |
| **Opt-out list due by:** | **September 3, 2025.** |
| **Motion in Support of Final Approval:** | **September 8, 2025.** |
| **Fairness Hearing:** | **September 25, 2025, 2:00 p.m.** |

35. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Defendant, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Approval Order.

36. Pending the final determination of whether the Settlement should be approved, all discovery, pre-trial proceedings and briefing schedules in the Action are stayed, except such actions as may be necessary to implement the Settlement

Agreement and this Order. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

37. If the Settlement is not finally approved by the Court for any reason, including pursuant to Section VI of the Settlement Agreement, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or Plaintiffs to assert any right or position that could have been asserted if the Settlement Agreement or Motion for Preliminary Approval had never been reached or proposed to the Court. In such an event, the Parties will return to the status quo ante in the Action pursuant to Section VI(F) of the Settlement Agreement. Findings related to the certification of the Settlement Class for Settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

38. Pending the final determination of whether the Settlement should be approved, Plaintiffs and all Settlement Class Members are hereby enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties. Such injunction will remain in force until the Final Approval Order and Judgment or until such time as the Parties notify the Court that the Settlement Agreement has been terminated. This injunction is necessary to protect and effectuate the Settlement Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Settlement Agreement and to enter Judgment when appropriate, and is ordered in aid of this

Court's jurisdiction and to protect its judgments. Any Plaintiff and all Settlement Class Members are hereby enjoined from filing any class action, or attempting to amend an existing action to assert any claims which would be released pursuant to the Settlement Agreement. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

**DONE AND ORDERED in Jacksonville, Florida, this 23rd day of May, 2025.**

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
Senior United States District Judge