# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| MAX STORY, *et al., on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>HEARTLAND PAYMENT SYSTEMS, LLC,<br><br>Defendant. | No. 3:19-cv-724-TJC |

### [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS AND CLASS COUNSEL'S PETITION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

This matter having come before the Court on **PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL, PERMISSION TO PAY UNTIMELY CLAIMANTS, AND AWARD OF ATTORNEYS' FEES AND COSTS** (the "Motion"), notice of the Fairness Hearing been duly given in accordance with this Court's Order, the Court having held a Fairness Hearing on September 25, 2025, and the Court having reviewed in detail and considered the Motion, all other papers that have been filed with the Court related to the Motion, including **PLAINTIFFS AND CLASS COUNSEL'S PETITION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** (the "Petition"), the record in this matter, the arguments of counsel, and the brief and arguments of the sole

3161058.8

objector to the Motion, **HEREBY GRANTS** the Motion and Petition, and **APPROVES** the Settlement.

       **IT IS HEREBY ORDERED AS FOLLOWS:**

**I.**    <u>**Final Approval of the Settlement**</u>

    1.    Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

    2.    The Court has jurisdiction over the subject matter of the litigation, the Parties, and all Settlement Class Members.

    3.    Plaintiffs Max Story and Nancy Murrey-Settle are appointed as Class Representatives.

    4.    The Court appoints the following counsel to serve as Class Counsel: Jason L. Lichtman of Lieff Cabraser Heimann & Bernstein, LLP; Janet Varnell and Brian Warwick of Varnell & Warwick, P.A.; and Lisa R. Considine and David J. DiSabato of Nagel Rice LLP.

    5.    For purposes of the Settlement and this Final Approval Order, the Settlement Class is defined as:

> All natural persons who enrolled in MySchoolBucks and paid Program Fees to Heartland on credit or debit card "Meals" transactions between June 18, 2013 and July 31, 2019, except those whose last transaction occurred before January 1, 2015.

    6.    The members of the Settlement Class who will be bound by this Final Order and Judgment shall include all members of the Class who did not submit a timely and valid Request for Exclusion. Excluded from the Settlement Class are all

persons who validly and timely elected to exclude themselves from the Settlement Class pursuant to Section VI(B)(2) of the Settlement Agreement. A list of those persons is attached as **Exhibit B to the Declaration of Elena MacFarland Regarding the Status of Notice and Settlement Administration.**

7. The Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) are satisfied, and reaches the following the conclusions for settlement purposes only:

a. The Settlement Class comprises MySchoolBucks users from more than 3,800 school districts and so is sufficiently numerous.

b. Resolution of this litigation would depend on common answers to common questions, including whether the Program Fees were consistent with the credit card network rules, whether any inconsistency constitutes unconscionable commercial conduct under the New Jersey Consumer Fraud Act, and the meaning of Heartland's Terms of Service.

c. Plaintiffs' claims are typical of the Class because they arise out of the same factual circumstances and proceed under the same legal theories.

d. Plaintiffs are adequate Class Representatives because there are no evident conflicts between them and the Class, and they have evidenced a willingness to advocate vigorously for the Class. Class Counsel are

3

        experienced attorneys who have been appointed class counsel in class action cases and settlements.

    e.    Common issues in this litigation predominate over individual issues. The central elements of the Class's claims concern Heartland's practices.

    f.    A class action is superior to many individual actions because, among other reasons, the Class's claims are low-value individually and so it is not economical to bring individual lawsuits.

    8.    The Court concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure, satisfy the requirements of due process, provided sufficient notice of the proposed Settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings, to Settlement Class Members, and were the best notice practicable under the circumstances, including direct individual notice to Settlement Class Members where feasible, and a Settlement Website.

    9.    The Court finds that Heartland provided Class Action Fairness Act notice to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 on April 11, 2025, which was within ten days of the filing of the preliminary approval motion (Dkt. 271), and that more than ninety (90) days have passed without comment or objection from any governmental entity.

10. The Court finds that the Settlement, as set forth in the Settlement Agreement and this Order, satisfies each of the requirements of Fed. R. Civ. P. 23(e)(2) and is in all respects fair, adequate, and reasonable.

11. The Court finds, after reviewing the submissions by the Parties, that there are no side agreements required to be identified pursuant to Fed. R. Civ. P. 23(e)(3).

12. The Class Representatives and Class Counsel have adequately represented the Class. The Class Representatives and Class Counsel have vigorously and effectively represented the Class through the briefing and arguing motions for class certification, exclusion of expert testimony, and summary judgment.

13. The Settlement was negotiated at arm's length and without collusion, and under the supervision of Hunter Hughes, an experienced and well-respected mediator.

14. The relief provided by the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class, when measured against, among other things, the costs, risks, and delay of trial and appeal. In particular, this case presents numerous risks on liability, as illustrated by the fulsome summary judgment briefing and oral argument presented at the July 17, 2024 hearing.

15. The Settlement apportions the Settlement Fund, after deductions for attorneys' fees, costs, and settlement expenses, based on the amount of Program Fees

each valid claimant paid, an apportionment that treats Settlement Class Members equitably and is well-established as fair.

16. Nothing about that Class Counsel's request for attorneys' fees and expenses undermines the fairness of the Settlement.

17. For these reasons, the Court grants final approval of the Settlement. The Parties shall effectuate the Settlement Agreement according to its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court. Additionally, the Court hereby accepts the Parties' modification of the Settlement Agreement to designate National Consumer Law Center to receive any residual funds in the event such funds exist. The Court concludes that, if such a residual exists, it is unlikely to exceed $100. Accordingly, the Parties are authorized to provide notification of this modification via the website only because the amount is nominal and this modification will not impact the amount of money any individual Class Member will receive, the amount Heartland will pay, or the amount of fees and costs the Court could or will award Class Counsel.

18. Upon the Effective Date, the Settlement Class Members shall have, by operation of this Final Order and Judgment, fully, finally and forever released, relinquished, and discharged the Released Parties from all Released Claims pursuant to Section VII of the Settlement Agreement.

19. Settlement Class Members are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claims against any of the Released Parties in any court or before any tribunal.

20. The claims of the Class Representatives and all members of the Settlement Class in this case are hereby dismissed in their entirety with prejudice. Except as otherwise provided in this Order, the Parties shall bear their own costs and attorneys' fees.

21. The Court retains continuing jurisdiction over: (a) implementation of the Settlement and distribution to Settlement Class Members; (b) disposition of the Settlement Fund; (c) hearing and ruling on any matters related to the plan of allocation; and (d) the parties to the Settlement for the purpose of enforcing and administering the Settlement and the mutual releases contemplated by the Settlement.

22. The Court finds that no reason exists for delay in entering this Final Order. Accordingly, the Clerk is directed to enter this Final Order and the accompanying Judgment pursuant to Fed. R. Civ. P. 54(b).

## II.  Attorneys' Fees

23. The Court finds that Class Counsel are entitled to reasonable attorneys' fees. Fed. R. Civ. P. 23(h); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Ressler v. Jacobson*, 149 F.R.D. 651, 652 (M.D. Fla. 1992).

24. The Court finds that the percentage of the fund method of determining reasonable attorneys' fees is appropriate here, where the Settlement creates a common fund. *Ressler*, 149 F.R.D. at 653; *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1279–80 (11th Cir. 2021) (citing *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991)). Class Counsel's fee request of $4,927,500 is 27 percent of the value of the Settlement fund. The Court finds that this fee is appropriate, given the circumstances of the case. *See Camden I*, 946 F.2d at 774–75 (Though "[t]here is no hard and fast rule mandating a certain percentage of a common fund which may reasonably be awarded as a fee because the amount of any fee must be determined upon the facts of each case[,]" "[t]he majority of common fund fee awards fall between 20% to 30% of the fund" in this circuit.).

25. The Court has analyzed the reasonableness of Class Counsel's fee request, including by considering the twelve *Johnson* factors. *Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1242–43 (11th Cir. 2011) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).[1] The Court finds that the taken together, these factors support a 27 percent fee award.

---

[1] The *Johnson* factors are: (1) the time and labor involved; (2) whether the issues were novel and/or difficult; (3) the skill needed to perform the services properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee was contingent; (7) the time limitations imposed by the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the nature and length of the relationship between class counsel and the named representative; (11) awards in similar cases; and (12) the economics of class counsel. *James D. Hinson Electrical Contracting Co., Inc. v. AT&T Serv., Inc.*, 2016

8

26. **Novel and Difficult Issues (*Johnson* Factor 2).** The Court finds that this case, like nearly all class action consumer protection litigation, was factually and legally complex, and from the outset of the litigation Class Counsel knew that the outcome was uncertain. *See Stoll v. Musculoskeletal Institute*, 2022 WL 16927150, at *3 (M.D. Fla. July 27, 2022) ("[T]he novelty and difficulty of the issues in a case are significant factors to be considered in making a fee award."); *Gevaerts v. TD Bank*, 2015 WL 6751061, at *12 (S.D. Fla. Nov. 5, 2015) (""The critical point" is whether, "heading into this case, Class Counsel confronted these issues without any assurances as to how the Court would rule."). The novel and difficult issues in this litigation support the requested fee.

27. **Attorney Time and Labor (*Johnson* Factor 1).** Moreover, despite the foregoing risks, over the course of more than five years, Class Counsel devoted over 7,700 hours through the filing of this Petition of attorney and law firm staff time to investigating and litigating the claims, conducting discovery, and negotiating the Settlement in this complex litigation. The requested 27 percent fee award is therefore reasonable. *See Stoll*, 2022 WL 16927150, at *3 (33 percent fee award reasonable where class counsel billed 1048.30 hours litigating the case); *Sec. and Exchange Comm'n v. Davison*, 2023 WL 2931641, at *3, 5 (M.D. Fla. Mar. 8, 2023) (25 percent fee award reasonable where class counsel spent over 9,000 hours prosecuting

---

WL 10459419, at *3 (M.D. Fla. Dec. 16, 2016) (Corrigan, J.) (citing *Camden I*, 946 F.2d 768) (cleaned up).

complex claims). The Court also finds that the additional time and labor Class Counsel will devote to the case in connection with continuing to administer the Settlement and claims process, any potential appeals, etc. also supports the reasonableness of the fee request. *See Tweedie v. Waste Pro of Florida, Inc.*, 2021 WL 5843111, at *9 (M.D. Fla. Dec. 9, 2021) (costs associated with future settlement administration relevant to fee award inquiry).

28. **Contingent Fee Economics (*Johnson* Factors 6 and 12).** The Court also finds that Class Counsel should be rewarded for assuming representation of Plaintiffs on a purely contingent basis. *See City of St. Clair Shores Gen. Emp. Ret. Sys. v. Lender Processing Serv., Inc.*, 2014 WL 12621611, at *2 (M.D. Fla. Mar. 4, 2014) (Corrigan, J.) (awarding fee where "[t]he Action was litigated on a purely contingent nature"); *see also Stoll*, 2022 WL 16927150, at *2 (quoting *Ressler*, 149 F.R.D. at 656–57) ("It is a significant risk to prosecut[e] an action entirely on a contingent fee basis. Indeed, '[n]umerous cases recognize that the attorney's contingent fee risk is an important factor in determining the fee award.'"). Further, the Court finds that that the requested fee is reasonable because it will encourage Class Counsel to bring similar cases on behalf of injured plaintiffs who cannot realistically pursue small individual claims in the future. *See Gevaerts*, 2015 WL 6751061, at *13; *see also Ressler*, 149 F.R.D. at 657 ("Attorneys who bring class actions are acting as 'private attorneys general' and . . . public policy favors the granting of counsel fees sufficient to reward counsel for bringing these actions and to encourage them to bring additional such

10

actions."). Finally, the Court finds that a 27 percent fee award is reasonable given that Class Counsel were the only firms to bring this action, which exposed Class Counsel to greater financial burdens and exacerbated the financial risks. *In re Checking Acct. Overdraft Litig.*, 830 F. Supp. 2d 1330, 1364 (S.D. Fla. 2011) (Class Counsel "should be rewarded for taking on a case from which other law firms shrunk.") (cleaned up).

29. **Preclusion of Other Work (*Johnson* Factor 4).** Class Counsel undertook this litigation to the preclusion of other employment while receiving no compensation for their work in this litigation, which the Court finds supports the reasonableness of the requested fee. *See Stoll*, 2022 WL 16927150, at *2; *St. Clair Shores*, 2014 WL 12621611, at *2 (predicating approval of fee request on fact that class counsel "undertook the Action to the preclusion of other employment").

30. **Outstanding Result for the Class (*Johnson* Factor 8).** Moreover, the Courts finds that a 27 percent fee award is reasonable because Class Counsel achieved an excellent result for Class Members in high-risk litigation. *See Ressler*, 149 F.R.D. at 655 ("It is well-settled that one of the primary determinants of the quality of the work performed is the result obtained."); *see also Stoll*, 2022 WL 16927150, at *3. The Settlement entitles Class Members to a pro rata share of an $18,250,000 no-reversionary common fund, scaled relative to each Class Member's damages (i.e., the total fees they paid), and therefore treats all Class Members fairly. The Court finds that the Settlement is presumptively fair because it was reached in mediation with a

11

skilled mediator. *See Cooper v. Nelnet, Inc.*, 2015 WL 4623700, at *2 (M.D. Fla. July 31, 2015). Further, the Court finds that the Settlement will avoid prolonging the litigation, which is already five years old, and whose resolution is uncertain. *See St. Clair Shores*, 2014 WL 12621611, at *2 ("[I]n the absence of a settlement, continuing with the claims against Defendants would involve lengthy proceedings whose resolution would be uncertain."). Further, the Court finds that potential Class Members' early reactions to the Settlement demonstrate the quality of the result. 173,333 timely, valid claims have been submitted, there is only **one** objection to the Settlement, and only **five** opt-out requests, and two notice recipients requested representation from Class Counsel in other matters, indicating their satisfaction with the outcome. *See Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1251–52 (S.D. Fla. 2016) ("In a class of [millions], the low number of opt-outs and objections reflects the Class' [sic] overall satisfaction with the Settlement."). The Court finds that the foregoing supports the reasonableness of the 27 percent fee request.

31. **Class Counsel's Experience and Skill (*Johnson* Factors 3 and 9).** The Court finds that Class Counsel have extensive experience and knowledge in complex litigation, which justifies the requested fee award. *See Stoll*, 2022 WL 16927150, at *3 (cleaned up) ("The court considers the experience, reputation, and ability of the attorneys in determining a fee award."). The Court further finds that Class Counsel provided skillful and diligent advocacy to the Class, and that their efforts are particularly impressive in light of the fact that they did not benefit from any

12

assistance from a government agency. *See St. Clair Shores*, 2014 WL 12621611, at *2; *Ressler*, 149 F.R.D. at 655. Additionally, the Parties reached settlement after five years of litigation and nearly five months of negotiations, which the Court finds reflects the care and deliberation with which Class Counsel approached the settlement process. *See Ressler*, 149 F.R.D. at 654. Moreover, Class Counsel's sophistication, experience, and high-quality advocacy were necessary to successfully prosecuting the case, given the quality of the opposition. *See Stoll*, 2022 WL 16927150, at *3 (defense counsel's renown and ability are relevant to the assessment of "the quality of representation by the class counsel"). As such, the Court finds that the requested 27 percent fee award will help "[e]nsure that counsel of this caliber [are] available to undertake these kinds of risky but important cases in the future." *See Gevaerts*, 2015 WL 6751061, at *11; *see also In re Checking Acct. Overdraft Litig.*, 830 F. Supp. 2d at 1363 ("In the private marketplace, . . . counsel of exceptional skill commands a significant premium. So it must be here[.]").

32. **Awards in Similar Cases (*Johnson* Factors 5 and 11).** The Court finds that the 27 percent requested fee is squarely in line with fees awarded in this Circuit for similar cases. *See Hanley v. Tampa Bay Sports and Enter. LLC*, 2020 WL 2517766, at *6 (M.D. Fla. Apr. 23, 2020); ("[D]istrict courts in the Eleventh Circuit routinely approve fee awards of one-third of the common settlement fund."); *Gevaerts*, 2015 WL 6751061, at *11 (awarding fee of 30% of $20,000,000 common fund); *Black v. Winn-Dixie Stores, Inc.*, 2011 WL 13257526, at *6 (M.D. Fla. June 17, 2011)

13

(Corrigan, J.) (approving Class Counsel firm's requested 30 percent fee in different litigation); *St. Clair Shores*, 2014 WL 12621611, at *2 (awarding "attorneys' fees in the amount of 25% of $13,100,000 . . . or $3,275,000"); *Waters v. Intern. Precious Metals Corp.*, 190 F.3d 1291, 1298 (11th Cir. 1999) (affirming 33 1/3 percent fee award); (*Stoll*, 2022 WL 16927150, at *2 (a 33 percent fee "mirror[s] the market rate in other similar litigation" and is reasonable); *Morgan*, 301 F. Supp. 3d at 1251–52 (similar) (collecting cases); *Ressler*, 149 F.R.D. at 653 (awarding 30 percent fee). The Court also finds that Class Counsel's 27.1 percent fee request is well-supported by authority instructing that "[t]he percentage method of awarding fees in class actions is consistent with, and is intended to mirror, practice in the private marketplace where . . . attorneys regularly contract for contingent fees between 30% and 40%." *Stoll*, 2022 WL 16927150, at *2 (cleaned up) (collecting cases).

33. **Lodestar Cross-Check.** The Court finds that it is not required to consider lodestar when awarding fees. *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d at 1278–79. Pursuant to the Court's foregoing assessment, the requested fees are supported by the considerable time and labor Class Counsel spent and the "excellent" results achieved, such that a further lodestar analysis is "unnecessary" in light of "the inefficiencies that it creates." *See In re Checking Acct. Overdraft Litig.*, 2020 WL 4586398, at *18–19 (S.D. Fla. Aug. 10, 2020).

34. **No Prior Relationship between Class Counsel and Named Plaintiffs (*Johnson* Factor 10).** Additionally, the Court finds that the fee request is reasonable

14

given that Class Counsel had not provided the named Plaintiffs with legal representation prior to initiating this litigation. *See Ressler*, 149 F.R.D. at 655 (lack of prior attorney-client relationship between named plaintiffs and class counsel "militates in favor of the [] fee award sought here because plaintiff[s] did not have a 'track record' with the law firms").

35.    **No Lack of Time Restraints (*Johnson* Factor 7).** Further, the Court finds that this lawsuit was not subject to any time constraints, and as such this factor is not a reason to deny Class Counsel's fee request. *See James D. Hinson*, 2016 WL 10459419, at *3 ("the time limitations imposed by the circumstances" is a factor in the fee award analysis).

36.    For the foregoing reasons, the Court concludes that the requested fee award is reasonable, and **GRANTS** attorneys' fees to Class Counsel in the amount of $4,927,500.

## III. Litigation Expenses

37.    Class Counsel are also entitled to reimbursement of reasonable out-of-pocket costs advanced for the Class for which they provide adequate documentation. *See Hanley*, 2020 WL 2517766, at *6 ("[C]ourts normally grant expense requests in common fund cases as a matter of course."); *Stoll*, 2022 WL 16927150, at *4.

38.    The Court finds that Class Counsel provided adequate documentation showing that the expenses incurred in this litigation are primarily attributable to expert costs, and the rest almost entirely reflect costs in connection with depositions,

15

3161058.8

e-discovery hosting and review, travel for meetings and appearances, and mediation. Class Counsel have not sought reimbursement for a limited number of high expenses such as a bottle of wine with dinner or a costly plane ticket. Accordingly, the Court finds that the expenses for which Class Counsel have sought reimbursement were reasonable and necessary to the effective representation of the Class. *See Gevaerts*, 2015 WL 6751061, at *14 (approving reimbursement of "fees for experts, photocopies, travel, online research, translation services, mediator fees, and document review and coding expenses," among other costs).

39. Further, the Court finds that these expenses demonstrate Class Counsel's commitment to providing skillful and diligent advocacy, even as they were strongly incentivized to keep expenses at a reasonably low level, because of the high risk of no recovery when the fee is contingent. *See Gutierrez v. Amplify Energy Corp.*, 2023 WL 3071198, at *7 (C.D. Cal. Apr. 24, 2023) (quoting *Beesley v. Int'l Paper Co.*, 2014 WL 375432, at *3 (S.D. Ill. Jan. 31, 2014)).

40. Finally, the Court finds that Class Counsel's requested reimbursement is consistent with expenses reimbursed in other in other similarly-situated complex class action common fund cases, and is therefore reasonable. *See, e.g.*, *Wendy*, 2018 WL 11351711, at *2 (in complex consumer class action, reimbursement of costs and expenses in the amount of $400,000 was reasonable and justified); *In re Blue Cross Blue Shield Antitrust Litig.*, 2022 WL 4587617, at *1 (N.D. Ala. Aug. 9, 2022) (awarding $40,916,627.90 in litigation costs and expenses in complex litigation);

16

*Baker v. Saint-Gobain Performance Plastics Corp.*, 2022 WL 1025185, at *9 (S.D.N.Y. Feb. 4, 2022) (awarding $1,040,817 in litigation expenses); *Jenkins v. Nat'l Grid USA Serv. Co.*, 2022 WL 2301668, at *5 (E.D.N.Y. June 24, 2022) (awarding $1,052,082.51 in litigation expenses).

41. Accordingly, the Court **GRANTS** Plaintiffs and Class Counsel's request for reimbursement of out-of-pocket litigation expenses in the amount of $547,500.

**IT IS SO ORDERED.**

_____

United States District Judge
The Honorable Timothy J. Corrigan

_____, 2025

3161058.8