IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| MAX STORY, *et al., on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>HEARTLAND PAYMENT SYSTEMS, LLC,<br><br>Defendant. | No. 3:19-cv-724-TJC-SJH |

### ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS AND CLASS COUNSEL'S PETITION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

This matter having come before the Court on **PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL, PERMISSION TO PAY UNTIMELY CLAIMANTS, AND AWARD OF ATTORNEYS' FEES AND COSTS** (Doc. 287) (the "Motion"), notice of the Fairness Hearing been duly given in accordance with this Court's Order, the Court having held a Fairness Hearing on September 25, 2025, the record of which is incorporated by reference, and the Court having reviewed in detail and considered the Motion, all other papers that have been filed with the Court related to the Motion, including **PLAINTIFFS AND CLASS COUNSEL'S PETITION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** (Doc. 280) (the "Petition"), the record in this matter, the arguments of counsel, and the brief and arguments of the sole objector to the Motion, **HEREBY**

**GRANTS** the Motion (Doc. 287) and Petition (Doc. 280) to the following extent, and **APPROVES** the Settlement.

    **IT IS HEREBY ORDERED AS FOLLOWS:**

**I.**     <u>**Final Approval of the Settlement**</u>

    1.    Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement (Doc. 271-2).

    2.    The Court has jurisdiction over the subject matter of the litigation, the Parties, and all Settlement Class Members.

    3.    Plaintiffs Max Story and Nancy Murrey-Settle are appointed as Class Representatives.

    4.    The Court appoints the following counsel to serve as Class Counsel: Jason L. Lichtman of Lieff Cabraser Heimann & Bernstein, LLP; Janet Varnell and Brian Warwick of Varnell & Warwick, P.A.; and Lisa R. Considine and David J. DiSabato of Nagel Rice LLP.

    5.    For purposes of the Settlement and this Final Approval Order, the Settlement Class is defined as:

> All natural persons who enrolled in MySchoolBucks and paid Program Fees to Heartland on credit or debit card "Meals" transactions between June 18, 2013 and July 31, 2019, except those whose last transaction occurred before January 1, 2015.

    6.    The members of the Settlement Class who will be bound by this Final Order and Judgment shall include all members of the Class who did not submit a

timely and valid Request for Exclusion. Excluded from the Settlement Class are all persons who validly and timely elected to exclude themselves from the Settlement Class pursuant to Section VI(B)(2) of the Settlement Agreement. A redacted list of those persons is attached as **Exhibit B to the Declaration of Elena MacFarland Regarding the Status of Notice and Settlement Administration.**[1]

7. The Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) are satisfied, and reaches the following the conclusions for settlement purposes only:

    a. The Settlement Class comprises MySchoolBucks users from more than 3,800 school districts and so is sufficiently numerous.

    b. Resolution of this litigation would depend on common answers to common questions, including whether the Program Fees were consistent with the credit card network rules, whether any inconsistency constitutes unconscionable commercial conduct under the New Jersey Consumer Fraud Act, and the meaning of Heartland's Terms of Service.

    c. Plaintiffs' claims are typical of the Class because they arise out of the same factual circumstances and proceed under the same legal theories.

    d. Plaintiffs are adequate Class Representatives because there are no evident conflicts between them and the Class, and they have evidenced

---

[1] Class counsel maintains the unredacted list.

    a willingness to advocate vigorously for the Class. Class Counsel are experienced attorneys who have been appointed class counsel in class action cases and settlements.

  e. Common issues in this litigation predominate over individual issues. The central elements of the Class's claims concern Heartland's practices.

  f. A class action is superior to many individual actions because, among other reasons, the Class's claims are low-value individually and so it is not economical to bring individual lawsuits.

 8. The Court concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure, satisfy the requirements of due process, provided sufficient notice of the proposed Settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings, to Settlement Class Members, and were the best notice practicable under the circumstances, including direct individual notice to Settlement Class Members where feasible, and a Settlement Website.

 9. The Court finds that Heartland provided Class Action Fairness Act notice to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 on April 11, 2025, which was within ten days of the filing of the preliminary approval motion (Doc. 271), and that more than ninety (90) days have passed without comment or objection from any governmental entity.

10. The Court finds that the Settlement, as set forth in the Settlement Agreement and this Order, satisfies each of the requirements of Fed. R. Civ. P. 23(e)(2) and is in all respects fair, adequate, and reasonable.

11. The Court finds, after reviewing the submissions by the Parties, that there are no side agreements required to be identified pursuant to Fed. R. Civ. P. 23(e)(3).

12. The Class Representatives and Class Counsel have adequately represented the Class. The Class Representatives and Class Counsel have vigorously and effectively represented the Class through the briefing and arguing motions for class certification, exclusion of expert testimony, and summary judgment.

13. The Settlement was negotiated at arm's length and without collusion, and under the supervision of Hunter Hughes, an experienced and well-respected mediator.

14. The relief provided by the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class, when measured against, among other things, the costs, risks, and delay of trial and appeal. In particular, this case presents numerous risks on liability, as illustrated by the fulsome summary judgment briefing and oral argument presented at the July 17, 2024 hearing.

15. The Settlement apportions the Settlement Fund, after deductions for attorneys' fees, costs, and settlement expenses, based on the amount of Program Fees

each valid claimant paid, an apportionment that treats Settlement Class Members equitably and is well-established as fair.

16. Nothing about that Class Counsel's request for attorneys' fees and expenses undermines the fairness of the Settlement.

17. For these reasons, the Court grants final approval of the Settlement. The Parties shall effectuate the Settlement Agreement according to its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court. Additionally, the Court hereby accepts the Parties' modification of the Settlement Agreement to designate National Consumer Law Center to receive any residual funds in the event such funds exist. The Court concludes that, if such a residual exists, it is unlikely to exceed $100. Accordingly, the Parties are authorized to provide notification of this modification via the website only because the amount is nominal and this modification will not impact the amount of money any individual Class Member will receive, the amount Heartland will pay, or the amount of fees and costs the Court could or will award Class Counsel.  Further, the Court will allow consideration of the late claims as described in the Motion and discussed at the September 25, 2025 hearing.

18. Upon the Effective Date, the Settlement Class Members shall have, by operation of this Final Order and Judgment, fully, finally and forever released,

relinquished, and discharged the Released Parties from all Released Claims pursuant to Section VII of the Settlement Agreement.

19. Settlement Class Members are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claims against any of the Released Parties in any court or before any tribunal.

20. The claims of the Class Representatives and all members of the Settlement Class in this case are hereby dismissed in their entirety with prejudice. Except as otherwise provided in this Order, the Parties shall bear their own costs and attorneys' fees.

21. The Court retains continuing jurisdiction over: (a) implementation of the Settlement and distribution to Settlement Class Members; (b) disposition of the Settlement Fund; (c) hearing and ruling on any matters related to the plan of allocation; and (d) the parties to the Settlement for the purpose of enforcing and administering the Settlement and the mutual releases contemplated by the Settlement.

## II. <u>Attorneys' Fees</u>

22. The Court finds that Class Counsel are entitled to reasonable attorneys' fees. Fed. R. Civ. P. 23(h); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Ressler v. Jacobson*, 149 F.R.D. 651, 652 (M.D. Fla. 1992).

23. The Court finds that the percentage of the fund method of determining reasonable attorneys' fees is appropriate here, where the Settlement creates a common fund. *Ressler*, 149 F.R.D. at 653; *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1279–80 (11th Cir. 2021) (citing *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991)). Class Counsel's fee request of $4,927,500 is 27 percent of the value of the Settlement fund. The Court finds that a 25% fee is appropriate, given the circumstances of the case. *See Camden I*, 946 F.2d at 774–75 (Though "[t]here is no hard and fast rule mandating a certain percentage of a common fund which may reasonably be awarded as a fee because the amount of any fee must be determined upon the facts of each case[,]" "[t]he majority of common fund fee awards fall between 20% to 30% of the fund" in this circuit.).

24. The Court has analyzed the reasonableness of Class Counsel's fee request, including by considering the twelve *Johnson* factors. *Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1242–43 (11th Cir. 2011) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).[2] The Court finds that, taken together, these factors support a 25 percent fee award.

---

[2] The *Johnson* factors are: (1) the time and labor involved; (2) whether the issues were novel and/or difficult; (3) the skill needed to perform the services properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee was contingent; (7) the time limitations imposed by the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the relationship between class counsel and the named representative; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

25. For the foregoing reasons, the Court **GRANTS** attorneys' fees to Class Counsel in the amount of $4,562,500.

### III. Litigation Expenses

26. Class Counsel are also entitled to reimbursement of reasonable out-of-pocket costs advanced for the Class for which they provide adequate documentation. *See Hanley*, 2020 WL 2517766, at *6 ("[C]ourts normally grant expense requests in common fund cases as a matter of course."); *Stoll*, 2022 WL 16927150, at *4.

27. The Court finds that Class Counsel provided adequate documentation showing that the expenses incurred in this litigation are primarily attributable to expert costs, and the rest almost entirely reflect costs in connection with depositions, e-discovery hosting and review, travel for meetings and appearances, and mediation. Class Counsel have not sought reimbursement for a limited number of high expenses such as a bottle of wine with dinner or a costly plane ticket. Accordingly, the Court finds that the expenses for which Class Counsel have sought reimbursement were reasonable and necessary to the effective representation of the Class. *See Gevaerts*, 2015 WL 6751061, at *14 (approving reimbursement of "fees for experts, photocopies, travel, online research, translation services, mediator fees, and document review and coding expenses," among other costs).

28. Accordingly, the Court **GRANTS** Plaintiffs and Class Counsel's request for reimbursement of out-of-pocket litigation expenses in the amount of $547,500.

**DONE AND ORDERED** in Jacksonville, Florida, this 25th day of September, 2025.



Copies to

counsel of record